Dewayne C. BRITZ, Petitioner,

v.

Thomas PAGE, Respondent.

No. 97–3127.

United States District Court, C.D. Illinois, Springfield Division.

June 4, 1998.

Order Denying Motion to Amend July 31, 1998.

Richard D. Frazier, Springfield, IL, for Plaintiff.

Steven R. Splitt, Chicago, IL, for Defendant.

### OPINION

MILLS, District Judge.

This is a capital case, DeWayne C. Britz having been sentenced to death in Sangamon County, Illinois, in 1985.

This cause is before the Court on Britz's petition for writ of habeas corpus under 28 U.S.C. § 2254.

Upon review of the pleadings and all exhibits, the Court concludes that an evidentiary hearing is not required. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in The United States District Courts, the Court will dispose of this petition based solely on the parties' submissions.

The petition is denied.

### I. BACKGROUND

The grim facts of this case are covered thoroughly in the state supreme court opinions on direct and collateral review. *See People v. Britz*, 123 Ill.2d 446, 528 N.E.2d 703, 124 Ill.Dec. 15 (1988); *People v. Britz*, 174 Ill.2d 163, 673 N.E.2d 300, 220 Ill.Dec. 388 (1996). They will not be extensively reviewed here. 28 U.S.C. § 2254 requires the federal courts to give deference to the factual determinations made by all state courts, whether the findings be made by trial or appellate courts. *Sumner v. Mata*, 449 U.S. 539, 546–47, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981). Therefore, the factual findings in this decision are based upon the facts as stated in the aforementioned Illinois Supreme Court opinions. Petitioner does not

challenge the facts as set forth in these decisions.

On January 16, 1985, Petitioner kidnaped, sexually assaulted, and murdered Mimi Covert, leaving her body in a ditch on the side of the road. Investigating police officers later discovered Petitioner at a motel. They questioned him and placed him under arrest. After being taken into custody, Petitioner told police where they could find Covert's body. Following a jury trial in the Circuit Court of Sangamon County, Petitioner was convicted of six counts of murder, two counts of sexual assault, one count of aggravated kidnaping, two counts of armed robbery, one count of concealment of homicidal death, and two counts of theft. After a sentencing hearing before the same jury, Petitioner was sentenced to death.

Petitioner appealed his conviction and sentence directly to the Illinois Supreme Court, raising fourteen issues. On July 20, 1988, the Illinois Supreme Court affirmed the conviction and sentence, and thereafter denied Petitioner's petition for rehearing. The United States Supreme Court denied Petitioner's petition for writ of certiorari as well as his subsequent petition for rehearing and motion for leave to file a second petition for rehearing.

On November 7, 1989, Petitioner filed a pro-se Petition for Post–Conviction relief in the Circuit Court of Sangamon County. Petitioner amended the petition twice with the aid of counsel. On December 16, 1993, the circuit court granted the State's motion to dismiss the petition and amended petition without an evidentiary hearing. The Illinois Supreme Court affirmed the denial of the petition on October 18, 1996. Thereafter, the Illinois Supreme Court denied Petitioner's petition for rehearing and the United States Supreme Court denied his petition for writ of certiorari. On April 30, 1997, the Illinois Supreme Court stayed Petitioner's mandate and execution pending the entry of final judgment on Petitioner's petition for writ of federal habeas corpus by the highest court to adjudicate that petition.

## II. PETITIONER'S CLAIMS

On July 23, 1997, Petitioner filed the instant petition under 28 U.S.C. § 2254 for a writ of habeas corpus. Therein, Petitioner makes the following claims:

(1) he was denied his right to effective assistance of counsel at trial when counsel failed to provide Petitioner's medical experts with independent data corroborating his mental defects;

(2) he was denied his right to effective assistance of counsel at sentencing when counsel failed to establish the mitigating factor of extreme mental or emotional disturbance;

(3) he was denied his right to effective assistance of counsel at sentencing when counsel failed to adequately investigate mitigation factors;

(4) he was denied his right to effective assistance of counsel at sentencing when counsel did not make any effective use of sympathy or mercy;

(5) the trial court's instruction to the jury that sympathy should not enter its deliberations at the death penalty hearing violated the Eighth and Fourteenth Amendments;

(6) the Illinois Supreme Court applied an unconstitutional "manifestly erroneous" standard of review to the post-conviction court's findings as to Petitioner's ineffective assistance of counsel claim; and

(7) the Illinois death penalty statute is unconstitutional.

## III. STANDARD

With narrow exceptions not relevant here, a petitioner is required to exhaust every available remedy in the state court before a federal court will grant a writ of habeas corpus. 28 U.S.C. § 2254(b). Once a petitioner has exhausted his state court remedies, he must state a cognizable claim for federal habeas review. A cognizable claim is a claim that the petitioner is being held in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). In addition, the claim must have been actually litigated in the state court as a federal claim. *Verdin v. O'Leary,* 972 F.2d 1467, 1472 (7th Cir.1992). If a petitioner's claim has not actually been

litigated, the claim is procedurally defaulted. *Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988), *cert. denied* 490 U.S. 1009, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989).

■ If a petitioner's claim has been procedurally defaulted, the petitioner must show both cause for the default and prejudice as a result of the default to obtain habeas review. *Degaglia v. United States,* 7 F.3d 609, 612 (7th Cir.1993). If a petitioner is unable to demonstrate both cause and prejudice, he may obtain habeas review only if he can persuade the court that the dismissal of the petition would result in a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Assuming the court reaches the merits of a petitioner's claims, the standard of review for all claims which have been adjudicated in state court is governed by 28 U.S.C. § 2254(d). Under this provision, federal habeas relief will not be granted unless: 1) the state court adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law as determined by the Supreme Court of the United States; or 2) resulting in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) & (2).

## IV. ANALYSIS

### A. Ineffective Assistance During Trial For Failure to Provide Evidence Corroborating Expert Testimony

■ At trial, Petitioner's counsel retained experts to testify in support of Petitioner's temporary insanity defense. However, counsel did not provide the experts with corroborating evidence of Petitioner's mental defects. The trial court refused to give an insanity instruction or admit the expert testimony because the expert opinions were based solely on Petitioner's own statements about the amount of drugs and alcohol he ingested on the day of the crime and about his drug and alcohol history. Petitioner argues that trial counsel's failure to provide corroborating evidence amounted to ineffective assistance of counsel. Respondent contends that Petitioner procedurally defaulted

this claim. The Court agrees with Respondent.

■ Federal habeas review is generally barred "[i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). During the appeal of Petitioner's post-conviction review, the Illinois Supreme Court found that Petitioner had waived this claim of ineffective assistance. Specifically, the Court found that Petitioner should have raised the claim on direct review because the information needed to make the ineffective assistance claim was apparent from the trial record. *Britz,* 174 Ill.2d at 180, 220 Ill.Dec. 388, 673 N.E.2d 300. Accordingly, the court applied the Illinois rule that "issues [which] could have been raised on direct appeal, but were not, are deemed waived," and refused to consider the merits of Petitioner's ineffective assistance claim. *Id.* at 177–180, 220 Ill.Dec. 388, 673 N.E.2d 300.

Because Petitioner procedurally defaulted this ineffective assistance claim, the Court will only review it if Petitioner shows cause for, and prejudice from, the default or if dismissal of the claim would result in a fundamental miscarriage of justice. Petitioner has not attempted to show either cause and prejudice or a fundamental miscarriage of justice and this Court has found neither. Accordingly, Petitioner's claim of ineffective assistance is barred.

■ But even if the Court were to give Petitioner the benefit of the doubt on his procedural default, he would lose on the merits. To establish a claim of ineffective assistance of counsel, Petitioner must show two things. First, Petitioner must show that his counsel performed in a deficient manner, meaning that "counsel's representations fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, Petitioner must show that counsel's deficient performance prejudiced him, meaning that but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would

have been different.[1] *Id.* at 694, 104 S.Ct. 2052. The Court need not determine whether counsel's performance was deficient if it is apparent that Petitioner has not shown the requisite prejudice. *Id.* at 697, 104 S.Ct. 2052. Such is the case here.

■ Even if counsel had provided corroborating evidence and even if the trial court had allowed Petitioner's experts to testify, the Court finds no "reasonable probability" that the trial would have come out any differently. The expert opinions about Petitioner's alleged temporary insanity hinged upon the assumption that Petitioner consumed the extraordinary amount of drugs and alcohol that he said he did on the day of the murder. Although Petitioner has identified evidence corroborating his history of drug and alcohol usage, he has identified no evidence corroborating his story about the enormous amount of drugs and alcohol he ingested on the day of the murder.[2] In fact, as the Illinois Supreme Court noted on direct appeal, the overwhelming evidence at trial established that Petitioner was not "under the influence of any alcohol or drugs." *Britz,* 123 Ill.2d at 453, 124 Ill.Dec. 15, 528 N.E.2d 703. And as the lower court in post-conviction proceedings found, "the failure of counsel to corroborate the Defendant's drug usage history did not result in the loss of the insanity defense at trial." Rather, the law and other evidence resulted in the loss of the insanity defense.[3] Given the weakness of his defense, the Court cannot see how the outcome of Petitioner's trial would have been any different had trial counsel provided the corroborating evidence Petitioner identifies. Accordingly, his inef-

fective assistance claim would fail even if it were not procedurally barred.

**B. Ineffective Assistance During Sentencing for Failure to Establish Extreme Emotional Disturbance**

■ Petitioner also argues that counsel was ineffective at sentencing because counsel failed to establish or rely upon the mitigating factor of extreme mental or emotional disturbance. Specifically, Petitioner contends that counsel's failure to elicit an expert opinion that Petitioner suffered from an extreme mental or emotional disturbance at the time of the offense resulted in the denial of Petitioner's right to counsel. The Illinois Supreme Court rejected this argument on post-conviction review. The Court stated: "Based on the evidence before the jury which was not considered sufficiently mitigating to preclude the death penalty, it is not reasonably likely that [the expert's] opinion would have turned the tide in petitioner's favor." *Britz,* 174 Ill.2d at 190, 220 Ill.Dec. 388, 673 N.E.2d 300.

■ When a state court applies established law, § 2254(d)(1) requires this Court to respect its decision unless "unreasonable." *Holman v. Gilmore,* 126 F.3d 876, 881 (7th Cir.1997) (citing 28 U.S.C. § 2254(d)(1)). This means that a state court's decision will not be disturbed on habeas review if it is "at least minimally consistent with the facts and circumstances of the case." *Spreitzer v. Peters,* 114 F.3d 1435, 1442 (7th Cir.1997). Or to put it another way, "only a clear error in applying *Strickland*'s standard would support a writ of habeas corpus." *Holman,* 126

1. The Supreme Court has held that a defendant must show that counsel's errors rendered the proceedings "fundamentally unfair or unreliable" in addition to simply showing prejudice. *Lockhart v. Fretwell,* 506 U.S. 364, 366, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

2. Petitioner told one of the experts that he took "10 to 12 Libriums, four Valiums, and two hits of acid, and drank seven to eight beers" on the day of the murder.

3. Specifically, the court noted,

Rather, the inability (which exists to this date) to corroborate the Defendant's statements to his experts as to what he consumed on the day in question, coupled with the uncontradicted

evidence that Defendant voluntarily took whatever he consumed, coupled with the defense experts' opinions that he would have been, in effect, legally insane when under the influence of those drugs which the Defendant told them he took, but apparently not insane when drug free, coupled with the corroboration in the record of the experts' opinions by Defendant's sister's testimony (at sentencing) that the Defendant was calm and acted normally when not using drugs, coupled with the standard set out in *People v. Free* that the insanity defense not be available to those whose "insanity" occurs only when they are under the influence of drugs consumed voluntarily (as opposed to a permanent state of insanity), resulted in the loss of the insanity defense at trial.

F.3d at 882. Accordingly, this Court can only grant habeas relief if it can say that the state court's rejection of Petitioner's ineffective assistance claim is unreasonable.

The Court cannot say that the state court's decision to reject Petitioner's ineffective assistance argument was "unreasonable" as the Seventh Circuit has defined that term. The ineffective assistance inquiry at the penalty phase of a capital trial is similar to that at the guilt-innocence phase. *Hall v. Washington*, 106 F.3d 742, 751 (7th Cir.1997). To prevail on this claim, Petitioner "must demonstrate both that counsel's representations fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's substandard performance, the sentencer 'would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.'" *Id.* (quoting *Strickland*, 466 U.S. at 695, 104 S.Ct. 2052).

Under these standards, the Court cannot find that the Illinois Supreme Court's decision to reject Petitioner's ineffective assistance argument was unreasonable. According to Petitioner, "trial counsel failed to establish any mitigating evidence." Contrary to Petitioner's assertions, the Illinois Supreme Court found that trial counsel had argued the emotional disturbance factor in closing and had indeed presented a "good deal of evidence" indicating that Petitioner was extremely emotionally disturbed at the time of the crime. *Britz*, 174 Ill.2d at 189, 220 Ill.Dec. 388, 673 N.E.2d 300. Specifically, the court noted that:

> Defense and Prosecution experts agreed that petitioner displayed a number of personality disorders from which it could be reasonably inferred that he suffered from some manner of emotional disturbance. Petitioner was shown also to suffer from permanent, chronic addiction and alcoholism. His sister also testified that he acted "very, very strange" when on drugs. Notably, the jury which heard the evidence at sentencing was the same jury that heard trial evidence that no more than a month before the crimes, petitioner fired guns from vehicle windows, drew his gun on a waitress, and pulled a knife on a fellow employee, threatening to kill him. The

crime itself was senseless, and petitioner, himself, told police that he just went "real crazy" when he first shot Covert and saw her blood.

*Id.* The court also noted that in addition to the evidence of extreme emotional disturbance, trial counsel presented "other mitigating evidence, but ... did not elicit a specific opinion from Fryan [that petitioner suffered an extreme emotional disturbance.]" *Id.* at 190, 220 Ill.Dec. 388, 673 N.E.2d 300. Based on all the evidence before the jury at sentencing, the court did not find it "reasonably likely" that adding an expert's statement about extreme emotional disturbance "would have turned the tide in petitioner's favor." *Id.* Petitioner does not argue that any of the above findings were unreasonable, and in fact, does not mention the state court's opinion at all.

Moreover, the court noted that counsel's strategy was not to rely on one particular mitigating factor, but to present "evidence which, in general, concerned petitioner's psychological state prior to and during the crime, his personal history and age." *Id.* at 189, 220 Ill.Dec. 388, 673 N.E.2d 300. Strategic choices "generally do not support a claim of ineffective assistance." *Patrasso v. Nelson*, 121 F.3d 297, 304 (7th Cir.1997)(citing *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052). "Such choices include whether to submit mitigation evidence and what type of evidence to submit." *Id.* (citing *Hall*, 106 F.3d at 749). Given the profound deference afforded counsel's choice in such matters, coupled with the deference due the state court on habeas review, the Court cannot say that the Illinois Supreme Court acted unreasonably in rejecting Petitioner's argument. Accordingly, the Court rejects Petitioner's second asserted ground for habeas relief.

## C. Ineffective Assistance At Sentencing for Failure to Adequately Investigate Mitigation Factors

Petitioner also argues that he was denied effective assistance of counsel at sentencing because counsel failed to conduct an adequate mitigation investigation. According to Petitioner, his expert witnesses were subject to devastating cross examination be-

cause counsel failed to obtain evidence to corroborate their opinions that Petitioner suffered a mental disorder. The Illinois Supreme Court rejected this claim on post-conviction review. Specifically, the court found that trial counsel's failure to obtain the corroborating evidence was not "objectively unreasonable" and, therefore, did not deprive Petitioner of effective assistance of counsel. Pursuant to § 2254(d)(1), this Court cannot disturb that decision unless it is "unreasonable," that is, not even "minimally consistent with the facts and circumstances of the case." *Spreitzer*, 114 F.3d at 1442.

The court noted that trial counsel in fact conducted a significant mitigation investigation. For example, counsel had interviewed Petitioner's mother and sister on several occasions, both of whom testified at sentencing about Petitioner's history of substance abuse. *Britz*, 174 Ill.2d at 183, 220 Ill.Dec. 388, 673 N.E.2d 300. Further, the three experts who testified at sentencing had examined Petitioner and conducted a series of intelligence and psychological tests on him. *Id.* The court also noted that much of the evidence which Petitioner asserts should have been uncovered for sentencing was of very little value, or cumulative of evidence already produced. *Id.* In addition, the court observed that, at least with regard to some of the documents, the expert opinions would have been subject to the same attacks on cross examination. *Id.* at 183–84, 220 Ill.Dec. 388, 673 N.E.2d 300. Finally, the court pointed out that more evidence of Petitioner's mental disturbance might have cut against Petitioner by persuading jurors that Petitioner lacked rehabilitative potential. *Id.* at 183, 220 Ill.Dec. 388, 673 N.E.2d 300. *See also Holman*, 126 F.3d at 883 (describing studies indicating that "if persuaded that the defendants are indeed nutty, jurors believe that death is the only sure way to prevent future crimes").

Based on all of the foregoing, the Court cannot conclude that the state court's application of the *Strickland* standard was unreasonable. This case is not at all like the two Ninth Circuit cases relied on by Petitioner. In one of those cases, counsel did not conduct any mitigation investigation at all. *See Hendricks v. Calderon*, 70 F.3d 1032, 1043 (9th Cir.1995). In the other, counsel "did not call any witnesses, introduce any evidence of [the defendant's] history of mental illness, or argue any mitigating circumstances besides [the defendant's] mental condition at the time of the offense." *Clabourne v. Lewis*, 64 F.3d 1373, 1384 (9th Cir.1995). Moreover, both of these Ninth Circuit cases were decided before § 2554 was amended to require deference to state court decisions. *See* 28 U.S.C. § 2254(d)(1). Neither of these cases reflect circumstances remotely analogous to those here. Because the state court's decision was not unreasonable, the Court rejects this ground for habeas relief.

**D. Ineffective Assistance at Sentencing for Failure to Make Use of Sympathy or Mercy**

■ Defendant also argues that counsel's failure to make effective use of sympathy or mercy at sentencing constituted ineffective assistance of counsel. This argument was never raised in the state courts and is, therefore, procedurally barred unless Petitioner can demonstrate "cause and prejudice" or a fundamental miscarriage of justice. Petitioner has not made any attempt to establish cause, prejudice or a miscarriage of justice.

■ But even if Petitioner could show cause and prejudice, this Court would not grant relief based on this ineffective assistance claim. This Court must "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances the challenged action 'might be considered sound trial strategy.'" *Kokoraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir.1997) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955))). Petitioner did not rebut this presumption. In fact, Petitioner deposed trial counsel in connection with post-conviction proceedings but did not ask why he did not plead mercy at the sentencing. The Court finds that counsel's failure to invoke mercy at sentencing could be considered sound trial strategy. In light of trial counsel's focus on Petitioner's psychological state, personal history, and age, a resort to

mercy might well have distracted the jury from the mitigating factors before it. Indeed, a plea for sympathy or mercy might have backfired given the brutality of Petitioner's crimes. Accordingly, the Court rejects this ineffective assistance claim.

### E. The Trial Court's Anti-Sympathy Jury Instruction

■ Petitioner argues that the trial court's instruction to the jury at sentencing that "[n]either sympathy nor prejudice should influence you," violated the Eighth and Fourteenth Amendments of the United States Constitution. The Illinois Supreme Court considered and rejected this claim on direct review, based on the then-recently decided Supreme Court decision in *California v. Brown*, 479 U.S. 538, 107 S.Ct. 837, 93 L.Ed.2d 934 (1987). So long as the Illinois Supreme Court's decision was not contrary to, or an unreasonable application of *Brown*, the Court must reject this ground for relief on habeas review. 28 U.S.C. § 2254(d)(1).

The Court cannot say that the Illinois Supreme Court applied *Brown* unreasonably. In *Brown*, the Supreme Court held that a very similar instruction during the penalty phase of a capital murder trial did not violate the United States Constitution.[4] *Brown*, 479 U.S. at 539, 107 S.Ct. 837. Although Petitioner attempts to distinguish the instruction in *Brown*, more recent Supreme Court decisions have made abundantly clear that the constitution does not prohibit antisympathy instructions of the sort given in this case. *See, e.g., Saffle v. Parks*, 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) (considering *Brown* and stating that a constitutional rule prohibiting antisympathy instructions "is not dictated by our prior cases and, were it to be adopted, it would contravene well-considered precedents"). Given the Supreme Court's stated position on the issue, the state court's rejection of Petitioner's eighth amendment claim was certainly not contrary to, or an unreasonable application of *Brown*. Accordingly, the Court rejects Petitioner's fifth asserted ground for habeas relief.

### F. The Illinois Supreme Court's Deferential Standard of Review During State Post–Conviction Proceedings

■ Petitioner argues that the Illinois Supreme Court applied an unconstitutionally deferential standard of review to Petitioner's ineffective assistance of counsel claims. Petitioner refers to the following statement in the court's appellate review of the post-conviction court's decision:

> On review of matters decided under the Post Conviction Hearing Act, determinations of the trial court will not be disturbed unless manifestly erroneous.

*Britz*, 174 Ill.2d at 170, 220 Ill.Dec. 388, 673 N.E.2d 300. Petitioner contends that application of the "manifestly erroneous" standard violated his right to effective assistance of counsel and his fourteenth amendment due process rights. In support, Petitioner invokes the Supreme Court's decision in *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). In *Ornelas*, the Court held "that as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal." *Id.* at 1662. Likening his ineffective assistance claim to the fourth amendment claim at issue in *Ornelas*, Petitioner argues that the Illinois Supreme Court should have reviewed his claim *de novo*.

■ The Court does not agree that *Ornelas* has any bearing on this case. In *Ornelas*, a fourth amendment claim arose in federal court on direct criminal appeal; here, the sixth amendment claim arose on state post-conviction review. "Whereas a direct criminal appeal has now become a fundamental part of the criminal justice system, state post-conviction relief is not a part of the criminal proceeding—indeed, it is a civil proceeding that occurs only after the criminal proceeding has concluded." *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.1996). "Unless state collateral review violates some independent constitutional right, such as the Equal Protection Clause, errors in state collateral review cannot form the basis for federal habeas corpus relief." *Id.* No constitu-

---

4. The instruction at issue in *Brown* informed the jury that they "must not be swayed by mere sentiment, conjecture, sympathy, passion, preju- dice, public opinion or public feeling." *Brown*, 479 U.S. at 539, 107 S.Ct. 837.

tional provision entitles Petitioner to any state collateral review, *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), much less *de novo* collateral review.[5] *See also Clanton v. Muncy*, 845 F.2d 1238, 1243 (4th Cir.1988) (holding that state is "not bound by the Constitution to provide collateral review, much less to provide review of a particular scope") (citing *Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539); *D.S.A. v. Circuit Court Branch*, 942 F.2d 1143, 1150 (7th Cir.1991) (noting that the Supreme Court in *Finley* "refused to extend the due process clause to post-conviction proceedings that were purely collateral attacks on the conviction"); *Montgomery*, 90 F.3d at 1206 (holding that the constitution does not require "any state collateral review, let alone prompt collateral review") (citing *Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539). Accordingly, the Court rejects this asserted ground for habeas relief.

## G. The Constitutionality of the Illinois Death Penalty Statute

■ Finally, Petitioner contends that the Illinois Death Penalty Statute violates the Eighth and Fourteenth Amendments of the Constitution. Without any legal support, Petitioner provides a boiler-plate laundry list of reasons why the Illinois statute fails to pass constitutional muster. None of them have merit.

Some of Petitioner's contentions are foreclosed by controlling Seventh Circuit authority. For example, Petitioner states that the Illinois Death Penalty statute is unconstitutional because: it vests in the prosecutor unbridled discretion to seek the death penalty; it fails to provide reasonable notice of the non-statutory aggravating factors that will be introduced by the state; it fails to adequately restrict the sentencing body's consideration of non-statutory aggravating factors; and it does not provide sufficient safeguards to ensure adequate appellate review and prevent

arbitrary imposition of the death penalty. Such arguments have been considered and rejected in the same or stronger form in *Silagy v. Peters*, 905 F.2d 986 (7th Cir.1990). *See id.* at 993 (rejecting prosecutorial discretion argument); *id.* at 994–97 (rejecting arguments that statute provides inadequate notice of prosecutorial intent to seek death penalty); *id.* at 1000 (rejecting argument that the statute fails to adequately restrict sentencing body's consideration of non-statutory aggravating factors); *id.* at 1000 (holding that the statute's safeguards are so substantial as to render it constitutional even without a proportionality review mechanism). *See also Williams v. Chrans*, 945 F.2d 926 (7th Cir.1991).

Other assertions contravene settled Supreme Court precedent. For example, Petitioner contends that the statute "does not require the State to prove beyond a reasonable doubt the absence of mitigating factors." This argument is foreclosed by *Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). *See id.* at 650, 110 S.Ct. 3047 ("So long as a State's method of allocating the burdens of proof does not lessen the State's burden to prove every element of the offense charged, or in this case to prove the existence of aggravating circumstances, a defendant's constitutional rights are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency.")

But even if each of Petitioner's challenges to the statute were not conclusively settled against Petitioner, they would not supply a basis for granting habeas relief. To prevail on his claim, Petitioner "must show that the state court's decision [upholding the constitutionality of the Illinois death penalty statute] 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" *Holman v. Gilmore*,

---

5. Also, Petitioner's argument would lead to somewhat of an inconsistency in the law governing collateral review. Note that § 2254(d)(1), which has been upheld against constitutional attack, requires federal habeas courts to give deference to state court decisions. *See Lindh v. Murphy*, 96 F.3d 856, 871–74 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138

L.Ed.2d 481 (1997). Why would the Constitution require *de novo* review of ineffective assistance claims in state post-conviction proceedings but not in federal habeas proceedings? Such a result would be particularly absurd in light of the fact that state post-conviction review, unlike federal habeas review, is not required by the Constitution at all.

126 F.3d 876, 885 (7th Cir.1997) (quoting § 2254(d)(1)). Petitioner cites no authority to support his claim that the Illinois Death Penalty statute is unconstitutional, let alone any Supreme Court authority determining clearly established Federal law. Nor have the Court's own efforts uncovered any support for Petitioner's position. Quite the contrary, the Seventh Circuit, at least, "has repeatedly rebuffed constitutional challenges to Illinois' capital-sentencing system." *Id.* (citing cases). Accordingly, the Court rejects the seventh and last asserted ground for habeas relief.

## V. CONCLUSION

*Ergo,* Petitioner's Petition for Writ of Habeas Corpus is DENIED.

SO ORDERED.

### *OPINION*

RICHARD MILLS, District Judge.

Motion to Amend Judgment.

This is a capital case. Dewayne Britz was sentenced to death in Sangamon County, Illinois, in 1985.

After pursuing direct and collateral review in the state courts, Britz sought habeas relief in this Court pursuant to 28 U.S.C. § 2254. On June 4, 1998, a writ of habeas corpus was denied.

 On June 18, 1998, Petitioner Britz filed the instant motion to amend judgment, arguing "that the Opinion in the instant case on June 9, 1998, [sic][1] should be amended to address and include the issues presented in this motion pursuant to Federal Rules of Civil Procedure 59." Contrary to Petitioner's apparent understanding, Rule 59 does not provide a means of amending "opinions" so that certain issues can be more thoroughly addressed. A Rule 59 motion to amend judgment can only be granted if the "movant shows there was a mistake of law or fact or presents newly-discovered evidence that could not have been discovered previously." *Deutsch v. Burlington Northern Railroad Co.,* 983 F.2d 741, 744 (7th Cir.1992). Here, Petitioner has not shown any mistake

of law or fact and has not presented any newly-discovered evidence.

Petitioner takes issue with the Court's treatment of one of his asserted grounds for habeas relief. Specifically, Petitioner continues to press his argument that trial counsel rendered ineffective assistance at the sentencing hearing by failing to establish the mitigating factor of extreme mental or emotional disturbance. This asserted ground was considered and rejected by the Illinois Supreme Court on post-conviction review. *See People v. Britz,* 174 Ill.2d 163, 190, 220 Ill.Dec. 388, 673 N.E.2d 300 (Ill.1996). As this Court noted in its June 4 Opinion, section 2254(d)(1) requires deference to the state court's decision unless that decision involved an "unreasonable application" of clearly established federal law as established by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Under this standard of review, the Court found that the Illinois court's application of *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to Petitioner's ineffective assistance of counsel claim was not unreasonable. *See Britz v. Page,* 10 F.Supp.2d 1016, —— 1998 WL 297190 at *4–5 (C.D.Ill., June 4, 1998). Accordingly, Petitioner was not entitled to habeas relief. Petitioner now appears to raise two objections to the Court's decision, both of which completely ignore the applicable standard of review.

First, Petitioner challenges the finding that trial counsel's strategy at sentencing was not to rely on one particular mitigating factor, but to "present[ ] evidence which, in general, concerned petitioner's psychological state prior to and during the crime, his personal history and age." *See Britz v. Page,* —— F.Supp. at ——, 1998 WL 297190 at *5 (quoting *People v. Britz,* 174 Ill.2d 163, 189, 220 Ill.Dec. 388, 673 N.E.2d 300 (Ill.1996)). Petitioner states that the finding about counsel's trial strategy is "simply not true." However, the foregoing description of trial counsel's trial strategy was a state court factual finding which cannot be disturbed on habeas review unless it was "based on an

---

1. As noted above, the opinion and judgment in this case were entered June 4, 1998, not June 9, 1998.

unreasonable determination of the facts." 28 U.S.C. § 2254(d)(2). Petitioner offers no reason to conclude that the state court based its conclusions on an unreasonable determination of the facts. In fact, the finding is supported, rather than undermined, by the portion of trial counsel's sentencing argument quoted by Petitioner:

> The Defendant does not have to prove that he was under the extreme mental or emotional disturbance at this time not for you to give him the death penalty. [sic]. Don't be misled by that. That is listed here, but it say, "or facts." Now, I happen to believe that he was under this, or that's what I happen to believe, but you. do not have to believe that. You find that you do not have to give him the death penalty, any fact, any circumstance.

This quote supports the state court's finding that trial counsel's strategy was not to focus on a single mitigating factor (that is, extreme emotional disturbance), but to rely on a more general group of mitigating factors. Accordingly, Petitioner has not shown a mistake of fact or law that would justify amending the judgment.

Petitioner also contends that this Court failed to address his argument that trial counsel's ineffective assistance prejudiced him. Petitioner is correct in the sense that the Court did not make an independent, *de novo* finding about prejudice. But that is not what the Court was required to do under 28 U.S.C. § 2254(d)(1). Instead, the Court was required to make a finding as to the reasonableness of the state court's application of *Strickland* to Petitioner's ineffective assistance claim. The Court did so. Specifically, the Court found that the state court did not apply *Strickland* unreasonably when it determined that Petitioner was not prejudiced by counsel's failure to elicit a specific expert opinion about an "extreme emotional disturbance." *See Britz v. Page*, F.Supp. at ——, 1998 WL 297190 at *4–5. In other words, the Court applied the appropriate standard of review to the state court's findings. Petitioner was not entitled to an independent finding about prejudice and this Court was not authorized to make one.

In short, Petitioner is not entitled to an amended judgment because he has not shown that "there was a mistake of law or fact or present[ed] newly-discovered evidence that could not have been discovered, previously." *Deutsch,* 983 F.2d at 744.

*Ergo,* Petitioner's Motion to Amend Judgment is DENIED.