In the
United States Court of Appeals
For the Seventh Circuit

No. 99-2390

Linnie Nelson,

Plaintiff-Appellant,

v.

Kenneth S. Apfel, Commissioner of
Social Security,

Defendant-Appellee.


Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 98 C 2223--Paul E. Plunkett, Judge.


Argued January 10, 2000--Decided April 27, 2000


Before Flaum, Manion, and Evans, Circuit Judges.

Manion, Circuit Judge.  Linnie Nelson applied for
Social Security disability benefits, but an
administrative law judge denied her application,
concluding that she was not disabled. Nelson
appealed to the district court to reverse the ALJ
and instruct it to award her disability benefits.
The Commissioner of Social Security moved for
remand, acknowledging factual conflicts in the
administrative record. The district court granted
the Commissioner's motion and remanded Nelson's
case for a rehearing. Nelson appeals, and we
affirm.

I.

Linnie Nelson applied for disability and
Supplemental Security Income benefits, alleging
that she suffers from heart disease, leg pains,
shortness of breath, and depression. The
Commissioner of Social Security denied her
application and she requested a rehearing. At the
time of her administrative hearing on November
11, 1996, Nelson was thirty-seven years old, and
her past employment was semi-skilled, involved
mild or moderate stress, and required light
exertion. Nelson alleged that she was disabled
from full-time work from March 22, 1995 to July
1996, and thus she seeks benefits for that
"closed" period.

Three experts testified at Nelson's administrative hearing. Dr. Abramson, a cardiologist, testified that Nelson has a stress limitation, but concluded that her physical impairments "do not meet or equal in severity any impairment described as disabling in the Listing of Impairments." Dr. Johnson, a neurologist and psychiatrist, testified that Nelson suffers from no "form of severe nonexertional impairment," and that her depression is "not severe" because it does not affect her ability to function on the job. At the conclusion of Dr. Johnson's testimony, the ALJ asked him whether he thought it was necessary to report his findings on a standard form called the Psychiatric Review Technique (PRT) form. Dr. Johnson thought that the form was unnecessary, but agreed to complete it. On the PRT form, Dr. Johnson checked a box indicating that Nelson "often" had deficiencies in "concentration, persistence or pace." He also checked the box under the heading "Medical Summary" to conclude that Nelson's impairment was "Not Severe." Finally, Ms. Bose, a vocational expert, testified that if Nelson "often" experienced deficiencies in concentration, persistence, or pace, she cannot perform substantial gainful activity.

The ALJ accepted the experts' opinions, and concluded that there is no evidence that Nelson suffers from "any form of severe impairment." He also completed a PRT form according to Dr. Johnson's form, and specifically agreed with Dr. Johnson that Nelson does not suffer from a severe mental impairment, and is thus not eligible for disability benefits. The Commissioner adopted the ALJ's decision after the Appeals Council denied Nelson's request for review.

Nelson appealed to the district court to reverse the Commissioner's decision with instructions to award disability benefits. Nelson sought reversal solely on her claim of severe depression, and did not contest the ALJ's conclusion that she has no severe physical impairments. The Commissioner filed a motion to remand, arguing that the ALJ needs to resolve a factual conflict in Dr. Johnson's testimony. The district court found a conflict in the record between the testimonies of Dr. Johnson and Ms. Bose instead, and granted the motion to remand the case to the ALJ for further proceedings. Nelson appeals.

II.

On appeal, the parties initially dispute the standard of review. This is an appeal pursuant to the "judicial review" provision of the Social Security Act, sentence four of 42 U.S.C. sec.

405(g), which requires us to determine whether substantial evidence supports the ALJ's decision. Lauer v. Apfel, 169 F.3d 489, 492 (7th Cir. 1999). Nelson argues that since we have reviewed appeals under this provision de novo, that standard applies here. The Commissioner argues, however, that this case is fundamentally different because the district court merely considered whether or not to remand the case to clarify the record, and did not review the ALJ's decision for substantial evidence. Therefore, the Commissioner cites the recent case of Harman v. Apfel, 203 F.3d 1151 (9th Cir. 2000), to assert that the abuse of discretion standard applies here.

Since the Social Security Act does not specifically address the standard of review that applies in this context, Harman, 203 F.3d at 1154, and it appears to be an issue of first impression in this circuit, there is no clear statutory prescription or precedent to guide us on the appropriate standard of review for this case. See id. at 1156 n.5. Therefore, we will determine this issue according to the factors that the Harman court derived from Pierce v. Underwood, 487 U.S. 552 (1988), in which the Court reviewed a determination concerning whether a party's underlying legal position was substantially justified to merit an award of attorney's fees under the Equal Access to Justice Act (EAJA). After Pierce acknowledged that there was "neither a clear statutory prescription nor a historical tradition" to provide the standard of review in that case, the Court employed "significant relevant factors" to make that determination. 487 U.S. at 559. First, the Court stated that a case that involves "substantial consequences" should be "reviewed more intensely." Id. at 563. Here, we agree with Harman that "the consequences of a remand for further proceedings are somewhat less substantial than those flowing from an outright denial of benefits." Harman, 203 F.3d at 1156. The result of a remand may actually be an award of benefits, and, therefore, this factor supports a more deferential standard. We also find Harman persuasive that "there are sound practical reasons" to support the abuse of discretion standard in this case:

The decision whether to remand for further development of the administrative record or to direct an immediate award of benefits is a fact-bound determination that arises in an infinite variety of contexts. Narrow rules do not serve well in such a situation; an exercise of discretion, with review for abuse of discretion, is far preferable as a means of achieving the necessary flexibility. See Pierce, 487 U.S. at

562.

Harman, 203 F.3d at 1157. Lastly, Harman notes that the Social Security Act empowers the district courts to reverse or modify an ALJ's decision without remanding the case for further proceedings, and that this suggests that "the district court's exercise of such authority was intended to be discretionary and should be reviewed for abuse of discretion." Id. That is a reasonable inference, and Harman persuades us that the applicable standard of review in this case is abuse of discretion, which means that we will affirm unless no reasonable person could agree with the district court. Ladien v. Astrachan, 128 F.3d 1051, 1056 (7th Cir. 1997)./1

We must therefore determine whether the district court abused its discretion when it found that the testimonies of Dr. Johnson and Ms. Bose conflict, and thus "support both the conclusion that Nelson suffers from a severe impairment (and is therefore disabled) and the conclusion that she does not." Nelson v. Apfel, No. 98 C 2223, 1999 WL 261740 at *4 (N.D. Ill. April 15, 1999). Nelson argues that the record does not conflict, but only supports a finding that she was disabled for the period in question. According to Nelson, since the ALJ adopted Dr. Johnson's finding that she "often" suffered from deficiencies in concentration, persistence, or pace, and also adopted Ms. Bose's testimony that such a functional loss would preclude her from working, she is thus disabled and entitled to benefits. Furthermore, Nelson argues that since the ALJ adopted Dr. Johnson's rating of Nelson's functional loss, the Social Security regulations require the ALJ to find that she has a severe mental impairment. The Commissioner contends, however, that there are factual conflicts in the record that the ALJ must resolve on remand.

An impairment is severe if it "significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. sec. 404.1520(c), and thus an impairment is "not severe" if "it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. sec. 404.1521(a). Here, Dr. Johnson testified that Nelson's depression is not severe because it does not affect her ability to work. But he also rated Nelson's degree of functional loss as "often" in the area of concentration, persistence, or pace, which, according to Ms. Bose, would preclude Nelson from substantial gainful activity, and thus qualify her depression as a severe impairment. It is evident that Dr. Johnson's meaning of "often" conflicts with that of Ms. Bose, and thus we

conclude that the district court did not abuse its discretion when it made that determination.

Alternatively, Nelson argues that the Social Security regulations require the ALJ to find that she has a severe mental impairment according to Dr. Johnson's rating of her functional loss. To evaluate the severity of mental impairments, the regulations require the ALJ to rate the degree of functional loss resulting from the impairment according to four areas that are essential to work. 20 C.F.R. sec. 1520a(b)(3). "For the third area (concentration, persistence, or pace) the following five point scale must be used: never, seldom, often, frequent, and constant." Id. If there is a rating of "never" or "seldom" in the third area, "we can generally conclude that the impairment is not severe, unless the evidence otherwise indicates there is significant limitation of your mental ability to do basic work activities (see sec.404.1521)." 20 C.F.R. sec. 1520a(c)(1). Nelson argues that these regulations require the ALJ to find that she has a severe mental impairment because the degree of her functional loss is "often," which is more than "seldom" or "never." But that is not what the regulations require because they in no way equate the rating of "often" in the third area with a severe impairment as defined by a "significant limit" in one's ability to do basic work activities. Therefore, we agree with the district court that Dr. Johnson's rating of Nelson's functional loss "does not, by itself, preclude the ultimate finding that Nelson's depression is not severe within the meaning of the regulations." Nelson, 1999 WL 261740 at *4.

Finally, Nelson contends that Social Security Ruling 96-3p requires the ALJ to find that her impairment is severe. Social Security rulings (SSRs) "are interpretive rules intended to offer guidance to agency adjudicators. Lauer, 169 F.3d at 492. "While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs 'binding on all components of the Social Security Administration.'" Id.; see 20 C.F.R. sec. 402.35 (b)(1). SSR 96-3p provides:

If the adjudicator finds that such symptoms [functional loss] cause a limitation or restriction having more than a minimal effect on an individual's ability to do basic work activities, the adjudicator must find that the impairment(s) is severe and proceed to the next step in the process even if the objective evidence would not in itself establish that the impairment(s) is severe.

SSR 96-3p (1999). Nelson claims that this

provision requires the ALJ to find that she has a severe impairment because her "often" deficiencies in concentration, persistence, or pace necessarily have "more than a minimal effect" on her ability to do basic work activities. But the ruling does not require the ALJ to make that finding, nor does it preclude the ALJ from concluding that Nelson's functional loss does not affect her ability to work "more than minimally," and thus that she has no severe impairment.

The bottom line is that we do not know what Dr. Johnson meant by "often," and we conclude that the district court did not abuse its discretion when it remanded this case to the ALJ for further proceedings to resolve factual conflicts in the record. See Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)."). Accordingly, we AFFIRM.

/1 Nelson argues that the recent case of Williams v. Apfel, 204 F.3d 48 (2d Cir. 2000), supports her argument for the de novo standard. But Williams provides us with no real guidance because it involved the review of a district court's decision to reverse and award benefits based on the pleadings rather than to merely remand to clarify the record. 204 F.3d at 49.