**Jeffrey R. HAMOR, Plaintiff–Appellant,**

v.

**Larry G. MASSANARI, Acting Commissioner of Social Security Defendant–Appellee.**

No. 00–3837.

United States Court of Appeals, Seventh Circuit.

Submitted June 14, 2001.*

Decided June 19, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, WILLIAMS, Circuit Judges.

## ORDER

Jeffrey Hamor applied for Social Security Income ("SSI") due to degenerative arthritis in his ankle, but an administrative law judge (ALJ) denied his application, concluding that he was not disabled. After Hamor's condition worsened and he needed to use a cane, Hamor sought reconsideration to present evidence of the change in his condition. The ALJ again denied the claim, and Hamor then filed suit in district court, arguing that the evidence of his disability was so clear that the Commissioner of Social Security should be directed to award him benefits. The Commissioner acknowledged factual gaps in the record and moved to remand the case for a rehearing. The district court rejected Hamor's request for an outright award of benefits and granted the Commissioner's motion to remand. Hamor appeals, and we affirm.

## I.

This case has an extensive and complicated procedural history. In December 1995 Hamor applied for SSI and disability insurance due to degenerative arthritis (osteoarthritis) resulting from a 1983 ankle injury and defective hardware from reconstructive surgery. The Social Security Administration denied his claims in January 1996 and his subsequent motion for reconsideration. Hamor requested review by an ALJ so that he could present evidence of his recent need to use a cane and other changes in his condition. An ALJ held a hearing in August 1996 and denied his claim the following month. Hamor then requested review from the Appeals Council. In September 1997 the Appeals Council remanded the SSI claim for reconsideration in light of an August 26, 1996 report from Dr. Neni Prasad, Hamor's treating physician, which indicated that Hamor had a limited range of motion in his ankle and walked with a cane.

Another hearing on Hamor's SSI claim was held in December 1997, and the ALJ again denied benefits because Hamor retained the residual functional capacity to perform a wide range of jobs in the current economy. The ALJ discounted both Hamor's testimony and Dr. Prasad's report regarding the severity of his ankle condition because they were inconsistent with other objective medical evidence. For example, Dr. Prasad opined that Hamor's ankle was functionally limited and Hamor was unable to sit for more than two hours. But the ALJ noted that this opinion was directly contradicted by the observations of other States Agency reviewing physicians as well as Hamor's own testimony that he engages in daily activities that require sitting for several hours. The ALJ further discounted Hamor's claims of discomfort because Hamor had not been diligent in his treatment and had, in fact, last seen Dr. Prasad more than 15 months before the hearing and had not followed up on Dr. Prasad's referral to an orthopedic specialist during that time. The Appeals Council denied Hamor's subsequent request for review.

Hamor then filed a complaint in district court, challenging the agency's decision. The Commissioner sought a remand for the ALJ to evaluate the effect of Hamor's need to use a cane on his ability to perform sedentary jobs. The court denied Hamor's summary judgment motion, but, on the Commissioner's motion, reversed and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g), which authorizes the court to remand the case to

SSA for further action by the Commissioner. In remanding, the court directed the ALJ to make findings regarding (1) the effect of Hamor's use of a cane on his ability to work; (2) whether the physicians who opined that Hamor had to use a cane should be regarded as "treating physicians"; and (3) whether Hamor's condition would improve after surgery, thus satisfying a condition of Listing 1.03 of the Social Security disability regulations. *See* 20 C.F.R. § 404, Subpt. P, App. 1., Listing 1.03.[2]

Another ALJ presided at Hamor's hearing after remand. At the hearing Hamor and a vocational expert, J. Stephen Dolan, testified. Hamor stated that he was 39 years old, had a GED, and had last worked in 1988 as an oil change technician. He stated that he could no longer perform this kind of work because his ankle injury prevented him from standing for more than two hours at a time. He stated that he could walk with a cane, but that he had to sit frequently due to the pain in his ankle. He added that when he awakened, his ankle was extremely stiff and he could not move it for about an hour. He would take Tylenol to alleviate the pain in the morning and wear high-top boots to support his ankle. He also testified that he spent much of his day reading, watching television, or operating an amateur radio. He was able to wash and dress himself and occasionally used the bus for transportation. Dolan testified that despite these limitations, Hamor could perform numerous sedentary jobs, including work as a cashier or food and beverage clerk. Dolan

also stated that there were thousands of these types of positions throughout the Central Illinois area where Hamor lived.

Also in the record were reports from three physicians whom Hamor visited in 1996, 1997 and 1998, respectively. The medical reports essentially confirmed Hamor's ankle injury and the presence of defective hardware from prior corrective surgery. But the physicians' diagnoses were not identical and varied with respect to the ankle's residual function and range of motion. As noted earlier, Dr. Prasad stated that Hamor was unable to bear weight on his left foot, that he experienced severe pain, and that he was unable to sit for more than two hours. Dr. Prasad referred Hamor to orthopedic specialist Dr. Idusuyi, who opined that Hamor suffered from degenerative arthritis and recommended an MRI, EMG and corrective surgery. Finally Dr. Howath, who reviewed the records and reports of the other physicians, found that Hanor's ankle did not exhibit extreme motion abnormalities but noted that Hamor could stand for only limited amounts of time.

The ALJ then analyzed Hamor's claims under the five-step test for determining disability. *See* 20 C.F.R. §§ 404.1520, 416.920. The ALJ found that Hamor satisfied the first and second steps of the five-step test because he had a severe impairment, including "degenerative changes" in his ankle. But the ALJ concluded that Hamor was not "disabled" because he failed to meet the third step—namely, his ankle condition did not meet or exceed one of the impairments specified in Listing

**2.** In order to find a disability due to arthritis in a major weight-bearing joint, Listing 1.03 requires the following medical findings: (1) a history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination; with (A) gross anatomical deformity of hip or knee supported

by X-ray evidence of either significant joint space narrowing or significant bony destruction and markedly limiting ability to walk and stand; or (B) reconstructive surgery and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.

1.03. The ALJ further concluded that Hamor retained the residual functional capacity to perform a range of sedentary work that is not impeded by use of a cane. The ALJ did not, however, determine whether Hamor's physicians were "treating physicians" or whether Hamor's condition would be improved by surgery. The Appeals Council declined to review Hamor's claim.

Hamor, proceeding pro se, filed the present action in district court. In July 2000 he moved for summary judgment, claiming that the ALJ's denial of benefits was not supported by substantial evidence and that the record supported an outright award of benefits. In September the Commissioner moved to remand the case for further factual inquiry into Hamor's ankle condition; the Commissioner noted that the most recent evidence pertaining to Hamor's ankle dated back to January 1998, two years before the ALJ's decision. The Commissioner added that more recent medical records might be available and that a consultative examination might be appropriate to develop the record further.

The district court noted that because of discrepancies between Hamor's own testimony and the medical evidence, the record did not "yield but one supportable conclusion" about Hamor's condition. The court thus determined that it could not grant Hamor's motion for summary judgment. The court remanded the case, ordering the ALJ to obtain reports from any doctors who had examined Hamor since 1998. The district court denied Hamor's motion to reconsider, and Hamor filed a timely notice of appeal.

## II.

■ Hamor argues on appeal that Dr. Prasad's diagnosis of degenerative arthritis automatically qualifies him for SSI. He claims that the ALJ overlooked this diagnosis in finding that his ankle condition did not meet or exceed Listing 1.03 (which describes the medical findings required for arthritic disability), and in finding that Hamor did not satisfy step three of the five-part test for disability. Hamor also argues that the district court erred in not granting an outright award of benefits because his degenerative arthritis is a permanent disability. We review for abuse of discretion a district court's decision to remand a case to clarify the record. *See Nelson v. Apfel,* 210 F.3d 799, 802 (7th Cir.2000). We will affirm "unless no reasonable person could agree with the district court." *Id.*

■ Contrary to Hamor's assertion, he is not entitled to disability benefits simply because one physician finds him "disabled" or "unable to work"; the Commissioner determines the ultimate issue of disability only after weighing all of the evidence in the record. *See* 20 C.F.R. § 404.1527(e); *Clifford v. Apfel,* 227 F.3d 863, 870 (7th Cir.2000). In this case, the record as it currently stands contains several discrepancies that preclude an automatic finding of disability. For example, evidence that Hamor was diagnosed with degenerative arthritis and that his ankle causes him severe discomfort and pain may conflict with evidence that Hamor engages in several daily life activities such as reading, bathing, dressing, and operating an amateur radio that are not hampered by his condition. Moreover, the record lacks recent medical evaluations that would support a finding of disability under Listing 1.03. Specifically, the record contains no current information regarding the ankle's range of motion and whether additional reconstructive surgery would restore the ankle to full weight-bearing status. This information is essential to a finding of disability under Listing 1.03. *See* 20 C.F.R. § 404, Subpt. P, App.1., Listing 1.03. Thus, we agree with the district

court that the record in this case does not "yield but one supportable conclusion" that Hamor is disabled, *see Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir.1993), and we conclude that the district court did not abuse its discretion in denying Hamor's summary judgment motion and remanding the case for further factual findings.

The district court's order is AFFIRMED, with instructions to remand the case to the Commissioner for additional findings on Hamor's physical impairments consistent with this order and judgment, including but not limited to: (1) whether future surgery would correct Hamor's impairment; (2) whether Hamor has been treated by any physicians since 1998 and, if so, their diagnoses regarding his ankle's current range of motion; and (3) any further proceedings the ALJ finds necessary. In addition, given the complexity of this case, we suggest that the district court consider soliciting assistance of counsel for Hamor on remand.