**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 24, 2005[*]
Decided October 25, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 04-3674

| | |
|---|---|
| BARBARA J. TIEMANN, <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | No. 03-299 |
| JO ANNE B. BARNHART, <br> Commissioner of Social Security, <br> *Defendant-Appellee*. | Gerald B. Cohn, <br> *Magistrate Judge.* |

**O R D E R**

Barbara Tiemann, a former clerical worker, applied for disability benefits. The Social Security Administration denied her application, and an Administrative Law Judge concluded that she was not disabled because she could still perform her past office work.  A magistrate judge, presiding with the parties' consent, upheld the ALJ's determination.  We affirm.

---

[*] On July 1, 2005, we granted Tiemann's motion to waive oral argument. This appeal is submitted on the briefs and the record.  *See* Fed. R. App. P. 34(f); Cir. R. 34(e).

Before her alleged disability, Tiemann held several office jobs in which she entered data, prepared reports, stood or walked about two hours, sat about six, and frequently typed, wrote, and handled small objects.  She maintains, however, that she had to stop working full-time in May 1999 (when she was 59) owing to degenerative joint disease, obesity, and eye problems, among other things.  These conditions, she contends, prevented her from bending and stooping and made it difficult for her to see, sit, stand, walk, and lift.

Applying the familiar five-step analysis, 20 C.F.R. §§ 404.1520, 416.920; *Barnhart v. Thomas*, 540 U.S. 20, 24–25 (2003), the ALJ first determined that Tiemann was not engaged in substantial gainful activity.  Second, after considering medical evidence from treating physicians and examining and consulting doctors for the agency, the ALJ found that Tiemann had multiple severe impairments, including her degenerative joint disease, obesity, and corneal dystrophy.  Nevertheless, he wrote that her other health problems—including depression, a breathing problem, coronary artery disease, hypertension, low thyroid condition, and borderline diabetes—were not severe because they did not more than minimally affect her ability to work.  Third, the ALJ found that none of Tiemann's impairments met or equaled a listed impairment in Appendix 1, Subpart P, Regulation No. 4.

The ALJ stopped his analysis at step four, finding that Tiemann retained the residual functional capacity to perform her past office work.  Citing agency physicians' opinions, test records and other medical evidence, her daily activities, and her treatment history, the ALJ made an adverse credibility determination: although she had pain, he explained, she was exaggerating its severity.  Based on the evidence, he also concluded that she could still sit for at least six hours and stand and walk for two, and though she had limitations on her ability to lift, climb, and perceive depth, none prevented her from doing her past work.  He rejected contrary opinions of two of Tiemann's treating physicians because they were not well-supported by medically acceptable techniques and conflicted with examination records and laboratory tests.

On appeal Tiemann argues principally that the ALJ erred at step two by deciding that her depression was not severe without the guidance of any medical professional's opinion to support his finding.  Yet her argument misconstrues the record.  The ALJ did rely on the opinion of an examining state psychologist, Dr. Rudolph.  As the ALJ explained, Dr. Rudolph examined Tiemann but identified no limitations on activities of daily living, social function, concentration, persistence, or pace, and noted no episodes of decompensation—the factors that the regulations require an ALJ to consider while evaluating the severity of a mental impairment, *see* 20 C.F.R. § 404.1520a.

Additionally, Tiemann maintains that the ALJ's conclusion that her depression was not severe contradicts opinions of agency professionals and her treating physician. But this argument again misstates the record. The opinions she cites do not identify any limitations due to depression that significantly affect her ability to do basic work activities, and thus do not contradict the ALJ's finding that her depression is not severe within the meaning of the Act. *See* 20 C.F.R. § 404.1521; *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Nelson v. Apfel*, 210 F.3d 799, 802–03 (7th Cir. 2000). Indeed, only one of the opinions that Tiemann cites—a standard form evaluation filled out by agency psychiatrist Dr. McGreevy—pinpoints any limitations resulting from depression, and its characterization of those limitations as at most "seldom" and "slight" actually support a finding that the depression was not severe, *see Nelson*, 210 F.3d at 802.

Next, Tiemann argues generally that the ALJ erred by failing to consider her many impairments in the aggregate when deciding that she was not disabled. As Tiemann suggests, an ALJ needs to consider all of the claimant's impairments together, including impairments that are not severe taken by themselves. *Barrett v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (per curiam); 20 C.F.R. § 404.1523. Although the ALJ's decision may have benefitted by a more explicit statement that he was considering her impairments in combination, he thoroughly accounted for her impairments and adequately explained why he concluded that she was not disabled, *see Diaz v. Chater*, 55 F.3d 300, 308 (7th Cir. 1995). That conclusion was supported by substantial evidence.

Additionally, Tiemann argues that the ALJ erred by not according controlling weight to the opinion of her treating physician, Dr. Wade. Here, she refers to a note by Dr. Wade that Tiemann's degenerative joint disease prevented her from sitting or standing for more than one hour at a time or working for more than four hours a day. The ALJ, however, recognized that an applicant is not disabled just because her treating doctor says so. *Dixon v. Massanari*, 270 F.3d 1171, 1177 (7th Cir. 2001). Treating doctors' views control only when "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence." 20 C.F.R. § 404.1527(d)(2); *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003); *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005). Dr. Wade did not support his opinion with references to any medical evidence, and the ALJ explained that laboratory tests in the record did not reveal abnormalities likely to cause limitations as extreme as those Wade identified.

Finally, Tiemann argues that the ALJ's adverse credibility determination—that she was exaggerating her pain—was in error because he based it solely on her "minimal daily activities." According to the ALJ, however, in addition to her daily activities, objective medical evidence including examination

results, x-rays, and MRIs, suggested that Tiemann was exaggerating her pain, as did her choice not to see a doctor for several months.

When evaluating an applicant's allegations of pain, the ALJ must consider various factors including daily activities; the duration, location, and frequency of pain; aggravating factors; medication; and other treatments. *Schmidt v. Barnhart*, 395 F.3d 737, 746-47 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 871-72 (7th Cir. 2000); 20 C.F.R. § 404.1529(c)(3); SSR 96-7p. The ALJ may also consider objective medical evidence and an applicant's choice to stop seeking treatment. *Sienkiewicz v. Barnhart*, 409 F.3d 798, 804 (7th Cir. 2005); *Schmidt*, 395 F.3d at 747; *Powers v. Apfel*, 207 F.3d 431, 435-36 (7th Cir. 2000). These were the factors that the ALJ appropriately considered here; since his credibility determination was not patently wrong, we will not reverse it. *See Schmidt*, 395 F.3d at 747.

In short, the ALJ's decision is legally correct and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Therefore, the judgment of the district court is AFFIRMED.