**Roscoe CAMPBELL, Plaintiff–Appellant,**

v.

**Donna E. SHALALA,\* Secretary of Health and Human Services, Defendant–Appellee.**

**No. 91–2774.**

United States Court of Appeals, Seventh Circuit.

Argued Jan. 19, 1993.

Decided March 16, 1993.

---

* Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1).

John T. Gabrielides (argued) and Barry W. Sufrin, Laff, Whitesel, Conte & Saret, Chicago, IL, for plaintiff-appellant.

Sue Hendricks Bailey, Office of the U.S. Atty., Indianapolis, IN and Charles R. Goldstein (argued), Department of Health and Human Services, Region V, Office of the Gen. Counsel, Chicago, IL, for defendant-appellee.

Before CUDAHY, MANION, Circuit Judges, and HOLDERMAN, District Judge.[**]

CUDAHY, Circuit Judge.

Roscoe Campbell filed applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) with the Secretary of Health and Human Services (Secretary) pursuant to Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 301 *et seq.*, alleging disability due to hyperthyroidism, a spinal injury, neuropathy and a nervous disorder. The Secretary denied his applications after an administrative law judge (ALJ) held that he was not disabled and thus not entitled to benefits. Campbell appealed the decision and the district court affirmed. We vacate and remand.

### I.

Roscoe Campbell is currently forty-six years old and is a college graduate. He has been employed principally as a marketing representative during his career: during 1969–1975, Campbell was a marketing representative and systems engineer for the IBM Corporation; during 1975–1980, he was a marketing representative for Control Data Corporation; and from 1980 until May of 1981, Campbell worked as a marketing representative at General Dynamics Corporation. All of these jobs involved traveling to potential customers and mak-

[**] The Honorable James F. Holderman, District Judge for the Northern District of Illinois, is sitting by designation.

ing presentations. He was required to drive an automobile and be on his feet approximately six hours per day. He was also required to carry approximately eighty pounds of demonstration equipment and literature.

The claimant filed the first of three DIB applications on June 1, 1982, alleging that he had been disabled since April 11, 1981, due to hyperthyroidism. His second application was filed on January 23, 1985, alleging an onset date of April 12, 1981, due to hyperthyroidism and a spinal injury sustained in a 1984 automobile accident. Both applications were denied and Campbell did not seek further administrative review. The most recent DIB and SSI applications were filed on November 23, 1985, and allege disability due to hyperthyroidism, a spinal injury, neuropathy and a nervous disorder. The onset date was alleged to be May 21, 1981. The Secretary denied the applications initially and on reconsideration. Pursuant to Campbell's request, an administrative hearing was convened on January 6, 1987, at which he was represented by counsel. The ALJ denied his applications on August 6, 1987, and the decision became the final decision of the Secretary.

In order to qualify for disability benefits, a claimant must be "disabled." The Act defines "disabled" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A) & 1382c(a)(3)(A). Social Security regulations outline a five-step inquiry to be followed in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)–(f). The Secretary must determine in sequence: (1) whether the claimant is currently employed; (2) whether he has a severe impairment; (3) whether his impairment meets or equals one listed by the Secretary; (4) whether the claimant can perform his past work; and (5) whether the claimant is capable of performing any work in the national economy.

*Schroeter v. Sullivan*, 977 F.2d 391, 393 (7th Cir.1992). Once the claimant has satisfied Steps One and Two, he will automatically be found disabled if he suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform his past work, the burden shifts to the Secretary to show that the claimant can perform some other job. *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir.1984).

The ALJ applied the sequential evaluation and decided the case at Step Four. He found that Campbell had not engaged in gainful employment since May 21, 1981, and did not suffer from an impairment listed in or equivalent to one listed in the regulations. He then determined that the claimant could return to his prior work as a marketing representative. The ALJ also held that the rejections of his two earlier applications bar a finding of disability prior to March 13, 1985—the date his second application was rejected.

Campbell timely filed suit in the district court for judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). Campbell sought to remand the case to the Secretary for consideration of additional evidence, to order his second application reopened and to reverse the ALJ's decision on the ground that it was not supported by substantial evidence. The case was assigned to a magistrate judge and on June 26, 1991, the district court adopted the magistrate judge's report and recommendation, issuing judgment against the claimant. The district court held first that a remand to consider new evidence was inappropriate because the evidence was cumulative and good cause for failing to proffer the evidence earlier was not demonstrated. Second, the district court held that the ALJ implicitly considered the impairments in combination. Finally, the court held that the failure to make a residual functional capacity (RFC) determination was not erroneous because such a determination only becomes relevant at Step Five, and need not be considered at Step Four when evaluating the claimant's capabilities and the demands of his former employment.

## II.

■ In his initial brief before this Court, Campbell argued that the ALJ made a number of errors in denying him benefits, and that we should reverse the lower court and remand the case to the Secretary. In particular, Campbell argued that the ALJ erred in failing to make an RFC determination, citing *Prince v. Sullivan*, 933 F.2d 598 (7th Cir.1991). In *Prince*, we held that a Step Four determination must contain

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id.* at 602. The Secretary subsequently filed a motion to reverse the disability decision and to remand Campbell's applications in the light of *Prince*. Campbell opposed the motion, arguing that the appeal raised two other issues. First, he argued that there is substantial evidence in the record supporting a finding of disability and that we could order the award of benefits on appeal. Second, he argued that the appeal challenged the ALJ's failure to reopen his previous applications, the denial of which made March 13, 1985, the onset date for the recent application. We denied the Secretary's motion and ordered briefing and oral argument to proceed.

After briefing and a full review of the record, we now hold that a remand is in order. The ALJ failed to evaluate Campbell's RFC and to make the determinations required by the Secretary's rulings and endorsed in *Prince*. Further, the record is

not so clear that we can award or deny benefits on appeal. That determination is essentially a factual finding best left for the Secretary to address in the first instance, unless the record can yield but one supportable conclusion. *See Prince*, 933 F.2d at 603. A consultative examination by Dr. Robert B. Chevalier on January 6, 1986, indicated that Campbell had excellent range of motion of the spine, with normal rotary motion and excellent flexibility. There was no evidence of muscle atrophy or other symptoms suggesting spinal injury. Dr. Chevalier stated that the accident affecting Campbell's spine seemed relatively minor compared to the problems it allegedly caused. Dr. Chevalier also indicated that Campbell did not have the usual symptoms of hyperthyroidism. Indeed, treatment notes from Wishard Memorial Hospital on August 12, 1986, show that his hyperthyroidism was under control, and a psychiatric evaluation by Dr. William E. Murray on May 26, 1987, indicated that Campbell stated that his thyroid problem was under control and that he had had no recurrence of his seizures, even though he was not on anti-convulsive medication. Given this record, an award of benefits on appeal is unwarranted.

■ In her responsive brief, the Secretary conceded that the case should be remanded to permit the ALJ to make a proper disability determination, but argued that the claimant is not entitled to a remand to consider additional evidence. The former is known as a sentence-four remand while the latter is a sentence-six remand, referring to the respective sentence in § 405(g).[1] The Supreme Court in *Melkonyan v. Sullivan*, —— U.S. ——, 111 S.Ct. 2157, 2164,

---

1. Sentence four of § 405(g) provides:

The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

Sentence six of § 405(g) states:

The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a

showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

115 L.Ed.2d 78 (1991), distinguished the two different types of remands as follows:

Under sentence four, a district court may remand in conjunction with a judgment affirming, modifying, or reversing the Secretary's decision. Under sentence six, the district court may remand in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision, but only if the claimant shows good cause for failing to present the evidence earlier.

Because the type of remand has different consequences on remand and on appeal, *see Melkonyan*, 111 S.Ct. at 2165; *Sullivan v. Finkelstein*, 496 U.S. 617, 625, 110 S.Ct. 2658, 2663, 110 L.Ed.2d 563 (1990); *Travis v. Sullivan*, 985 F.2d 919 (7th Cir.1993), we make it clear that we are remanding pursuant to sentence four, not sentence six.[2] Any additional relevant evidence Campbell desires to submit, however, should be considered on remand.

▆▆▆▆ Finally, Campbell asks us to reopen his prior applications, which the ALJ declined to do under the principle of res judicata. Federal courts, however, lack jurisdiction to review agency decisions declining to reopen previous determinations except for those refusals having constitutional implications. *See Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977); *Reynolds v. Bowen*, 844 F.2d 451, 454 (7th Cir.1988). Campbell attempts to bypass this jurisdictional limitation by arguing that the ALJ's refusal to reopen the applications violates his due process rights. Campbell does not indicate how the refusal was a violation of

due process, other than by citing *Cherry v. Heckler*, 760 F.2d 1186, 1190 (11th Cir. 1985), which held that a claimant has a colorable due process right to have the reopening determination made at a fair proceeding, at which the Secretary consults the transcript of the earlier proceeding and other relevant evidence. At the hearing before the ALJ, Campbell did not introduce any grounds for reopening either of the earlier applications. Nonetheless, the ALJ did discuss the prior applications and considered evidence from prior to March 13, 1985. Given the ALJ's evaluation of the prior applications and Campbell's failure to introduce any grounds to reopen the applications, we find that the hearing before the ALJ gave Campbell sufficient "opportunity to be heard 'at a meaningful time and in a meaningful manner,'" and thus did not impinge upon his due process rights. *Cherry*, 760 F.2d at 1190 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976)).[3]

### III.

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED to the Secretary for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

**2.** Indeed, we do not think that the additional evidence alone would warrant a remand. A remand to consider additional evidence is appropriate if the evidence is new, material and there is good cause for not introducing it during the administrative proceeding. *Sears v. Bowen,* 840 F.2d 394, 399 (7th Cir.1988). The evidence consists of three letters: two from doctors who have treated Campbell's physical disorders on numerous occasions and one from a social worker addressing Campbell's treatment for psychological problems. We note initially that Campbell did not object to the magistrate judge's recommendation and report rejecting a sentence-six remand. Even if he had not

waived the argument, however, we agree with the magistrate judge that Campbell could and should have obtained the letters while the case was still subject to administrative review. *See Anderson v. Bowen,* 868 F.2d 921, 927 (7th Cir. 1989).

**3.** Campbell also raises a number of other arguments in his reply brief regarding the ALJ's refusal to reopen the previous applications. Because these arguments were not raised in the original brief, however, they are waived. *Colosi v. Electri–Flex Co.,* 965 F.2d 500, 503 (7th Cir. 1992).