In the

# United States Court of Appeals

### For the Seventh Circuit

No. 10-2006

GARY ALLORD,

*Plaintiff-Appellant,*

*v.*

MICHAEL J. ASTRUE, Commissioner
of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 09-cv-310—**Barbara C. Crabb**, *Judge.*

ARGUED NOVEMBER 30, 2010—DECIDED JANUARY 13, 2011

Before KANNE, WILLIAMS, and TINDER, *Circuit Judges.*

KANNE, *Circuit Judge.* Gary Allord applied for
disability benefits from the Social Security Administra-
tion in 1996. His application has since languished in a
cycle of administrative review and litigation. Prior to
this appeal, it was considered by three Administrative
Law Judges (ALJs), three federal district courts, and this
court. After our initial remand of Allord's case to the

Social Security Administration in 2006, a new ALJ determined that Allord was ineligible for disability benefits, and the agency adopted his determination as its final decision. Allord again sought relief in the district court, and the district court remanded the case for further proceedings. It found that aspects of the final decision did not comport with this court's earlier opinion, but that the record did not support a judicial award of benefits. Allord then appealed, asking this court instead to order the Commissioner to award him benefits. Because the record does not compel a finding that Allord was disabled as of the date he was last insured, we affirm.

## I. BACKGROUND

Allord currently suffers from severe post-traumatic stress disorder (PTSD). Allord retired as a field-grade officer from the United States Marine Corps (USMC) in 1987. As a junior officer, he served as a reconnaissance platoon leader and then as a company commander during consecutive tours of duty in Vietnam. During those tours, Allord endured gruesome and traumatic events that gave rise to the disability he now suffers.

Allord applied for disability insurance benefits from the Social Security Administration on October 1, 1996, claiming to have been disabled by PTSD since the date of his USMC retirement. The parties agree that his history of Social Security contributions made Allord last eligible for disability insurance benefits on December 31, 1992 (his "date last insured"). Accordingly, Allord had to show that he was disabled under the Social Security

Act and its implementing regulations as of that date in order to begin receiving disability benefits.

### A. Procedural History

Rather than detail the seemingly interminable procedural history of Allord's case, we will summarize the steps leading to this appeal. After a local disability agency denied his claim, Allord received a hearing before ALJ Christine Benagh, who denied his claim. Allord sought review in the United States District Court for the District of Columbia, and the Commissioner of the Social Security Administration stipulated to a remand for further proceedings, including the consideration of new medical evidence and expert testimony. ALJ Guy Arthur next considered and denied Allord's application. Allord again sought federal court review, and the District Court for the Western District of Wisconsin granted the Commissioner's motion for summary judgment. Allord appealed that judgment to this court in 2006. We reversed the judgment and remanded the case to the Social Security Administration for further proceedings consistent with our opinion. *Allord v. Barnhart*, 455 F.3d 818 (7th Cir. 2006).

Allord's application was next considered by ALJ John Pleuss, who denied it once again. As in each previous iteration, the Social Security Administration's Appeals Council declined to review the ALJ's determination, thus making it the Social Security Administration's final decision. Allord again sought review in the Western District of Wisconsin, asking the court to reverse the

administrative decision and order the Commissioner to award him disability benefits. On March 25, 2010—4,923 days after Allord initially applied for benefits—the district court remanded the case to the Social Security Administration, declining to instruct the Commissioner to calculate and award benefits based on the record before it. It is that judgment we consider in this appeal.

### B.  *Most Recent Proceedings Below*

In his 2008 decision, ALJ Pleuss acknowledged the infirmities that our 2006 opinion identified in ALJ Arthur's decision. He noted that ALJ Arthur had erred by improperly discrediting the testimony of Allord's acquaintance, Melissa Chappell-White. He also noted that the law did not require contemporaneous medical evidence for an award of benefits and that Chappell-White's testimony could nevertheless have supplemented the opinion of Dr. Aphrodite Matsakis, who treated Allord shortly after his date last insured. He also gave some weight to the finding of the Department of Veterans Affairs that Allord was wholly disabled as of 1996. ALJ Pleuss then adopted the findings and conclusions of ALJ Arthur's decision, though ostensibly only to the extent they were consistent with our 2006 opinion.

ALJ Pleuss found that Allord was severely impaired by depression and PTSD as of his date last insured, but that neither condition met or equaled impairments listed in Social Security Administration regulations such that Allord would qualify as disabled at that stage. So ALJ Pleuss proceeded to determine whether Allord was

capable of performing past relevant work or other work for which jobs existed in significant numbers in Wisconsin. He described Allord's residual functional capacity and vocational factors as of his date last insured to a vocational expert, William Dingess. He then asked Dingess hypothetical questions incorporating Allord's work capacities. Dingess testified that such an individual would be able to perform several thousand jobs in the Wisconsin area, including working as a janitor, hand packer, assembler, or industrial inspector. ALJ Pleuss decided that a conclusion of "not disabled" was required under the law because Allord was capable of performing other work that existed in significant numbers in the regional and national economies as of his date last insured.

Allord appealed the decision under 42 U.S.C. § 405(g), and the district court reviewed the Social Security Administration's reasoning to determine whether substantial evidence supported the denial. The district court found two infirmities in the Social Security Administration's final decision. First, ALJ Pleuss had failed to follow this court's instructions on remand regarding the assessment of Chappell-White's credibility. Second, ALJ Pleuss failed to explain convincingly why he had discounted Dr. Matsakis's opinion and testimony while adopting the opinion of another physician, Dr. Allen Hauer, who had not treated Allord and who was not an expert in PTSD. These infirmities led the district court to reverse the administrative decision and remand the case for further proceedings. Although the district court recognized that "the case has been pending far too long," it declined to enter a judgment instructing the

Commissioner to calculate and award benefits to Allord. It noted that some factual issues needed resolution, such that the record did not exclusively support a finding of disability as of Allord's date last insured.

Allord timely appealed the district court's decision.

## II. ANALYSIS

Allord asks this court to reverse the district court's judgment (remanding the case to the Social Security Administration for further proceedings) and then remand this case to the Social Security Administration ourselves with an order to the Commissioner directing him to award Allord disability benefits. The Commissioner, in turn, does not dispute the propriety of the district court's remand order.[1] The Commissioner instead argues that a judicially ordered award of benefits would be inappropriate given the record in this case and that the district court's order should be affirmed. The only issue we consider, therefore, is whether the record compelled a finding that Allord was disabled at the time his insured status expired in December 1992.

---

[1] The Commissioner acknowledges that the Administration's final decision was not supported by substantial evidence. Because the Commissioner has not cross-appealed the remand for further proceedings, we do not reach the sufficiency of the ALJ's decision-making or his adherence to the law of our previous case. The district court's finding that the ALJ's decision was not supported by substantial evidence is not at issue in this appeal.

Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g). *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). When, as here, an ALJ's decision constitutes the final action of the Social Security Administration, the reviewing district court examines the ALJ's decision to determine whether substantial evidence supports it and whether the ALJ applied the proper legal criteria. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Courts have the statutory power to affirm, reverse, or modify the Social Security Administration's decision, with or without remanding the case for further proceedings. 42 U.S.C. § 405(g). This power includes the courts' ability to remand with instructions for the Commissioner to calculate and award benefits to the applicant. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). An award of benefits is appropriate, however, only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits. *Briscoe,* 425 F.3d at 355.

We ordinarily review the district court's judgment *de novo*, meaning we review the Administration's final decision denying Social Security benefits directly to determine if the decision was supported by substantial evidence. *O'Connor-Spinner v. Astrue*, ___ F.3d ___, ___, 2010 WL 4812819, at *3 (7th Cir. Nov. 29, 2010). Both Allord and the Commissioner contend that this is the appropriate standard of review here. Yet the procedural posture of this case is atypical. Allord appeals the district court's decision not to order an award of benefits

on remand.[2] This is neither a case in which a claimant is appealing a district court's affirmance of the Administration's denial decision, *see, e.g.*, *Jones*, 623 F.3d at 1160, nor is it a "somewhat unusual" case in which the Commissioner is appealing a district court's remand for further proceedings, *see, e.g.*, *Briscoe*, 425 F.3d at 348. When the district court remands a case to the Social Security Administration for further proceedings, but declines to instruct the Commissioner to calculate and award benefits, we review the latter decision only for an abuse of discretion. *Nelson v. Apfel*, 210 F.3d 799, 802 (7th Cir. 2000). We will affirm that decision unless no reasonable person could agree with the district court's determination. *Id.* Accordingly, we need only decide whether the district court in this case abused its discretion when it determined that Allord was not entitled to a judicial award of benefits based on the current record.

In order to secure the relief he seeks in this appeal, Allord must have established that he was disabled on or before his date last insured. 42 U.S.C. §§ 423(a)(1)(A), (c)(1); *Briscoe*, 425 F.3d at 348. Allord bears the burden of proof regarding his disabling conditions. *See* 20 C.F.R. § 404.1514;

---

[2] The Supreme Court has held that "a Social Security disability claimant seeking court reversal of an agency decision denying benefits may appeal a district court order remanding the case to the agency for further proceedings." *Forney v. Apfel,* 524 U.S. 266, 267 (1998). Because the district court granted in part, but denied in part, the relief Allord requested, we have jurisdiction to hear his appeal. *See id.* at 271.

*Howell v. Sullivan*, 950 F.2d 343, 348 (7th Cir. 1991). The district court found Allord had provided evidence that would support a finding that he was disabled at his date last insured, but that the record contained potentially conflicting evidence that might support the opposite conclusion if the ALJ could adequately explain his reasoning.

On appeal, Allord does not directly challenge the district court's finding, but rather focuses on the infirmities of the ALJ's decision. While those arguments are convincing, none of them persuades us that the district court erred in its assessment of whether the record compelled a finding of disability as of Allord's date last insured. We have previously held that "we owe no deference to the district court in the social security context, and that [an appellant] is not necessarily obliged to address its analysis," *White v. Barnhart*, 415 F.3d 654, 658 (7th Cir. 2005). But that statement arose in a *de novo* review case. Even in *White*, we warned that "it is a risky tactic" to not address the district court's reasoning, "especially where . . . [it] has issued a thorough and persuasive opinion." *Id.* Where we review only for an abuse of discretion, it is not just a risky tactic—it is fatal.

The bottom line is that Allord provided no arguments tending to undermine the district court's conclusions regarding the record. He only contends that three considerations support a judicial award of benefits. He first argues that the opinion of his treating physician, Dr. Matsakis, should be given controlling effect and that

it shows him to have been disabled as of his date last insured. Second, he argues that the Administration's obduracy in these proceedings entitles him to a judicial award. Third, he argues that it would be futile to remand for further proceedings when the Administration will only continue to reach the same denial decision. Each lacks merit.

Allord argues that Dr. Matsakis's opinion should be given controlling weight. He bases this contention on the following factors: she was his treating physician, her opinion was supported by substantial evidence, she was found to be an expert in PTSD, and her testimony was not rebutted by any other expert in PTSD. Dr. Matsakis opined that it would be highly improbable that Allord was not totally disabled as of his date last insured, given the nature and progression of PTSD. She based this opinion on her evaluations and treatment of Allord after his date last insured, as well as on Chappell-White's descriptions of Allord's earlier behavior.

Allord is correct that the Social Security Administration is bound to give a treating physician's opinion controlling weight if her "opinion on the issue(s) of the nature and severity of [the applicant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the applicant's] case record." 20 C.F.R. § 404.1527(d)(2). If an ALJ does not afford controlling weight to such an opinion, he or she must articulate sufficient reasons for not doing so. *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010). The district court found that the ALJ did not adequately describe

why he discounted Dr. Matsakis's opinion while giving Dr. Hauer's more weight—especially when Dr. Hauer's opinion was not based on any treatment of Allord. The district court also found that the ALJ's erroneous credibility finding regarding Chappell-White further undermined the ALJ's reasons for discounting Dr. Matsakis's opinion. These findings provided the impetus for the district court to remand for further proceedings. But the court declined to enter an award of benefits because it noted that contradictory inferences could be drawn from the physicians' testimony. Allord does not address, let alone refute, the soundness of the district court's reasoning on this point.

Instead, Allord turns to his second contention. He argues that the Social Security Administration has been obdurate in its repeated consideration of his application, refusing to follow controlling regulations and the law of our earlier opinion and controlling regulations. He cites *Wilder v. Apfel* as an example of this court's willingness to directly award benefits when the Administration refuses to apply controlling law and drags out the appeals process. 153 F.3d 799, 804 (7th Cir. 1998). But as we later clarified in *Briscoe*, "[o]bduracy is not a ground on which to award benefits; the evidence properly in the record must demonstrate disability." *Briscoe*, 425 F.3d at 357. As in *Briscoe*, the critical factual dispute in this case is whether Allord was disabled prior to his date last insured—a necessary condition for a benefits award. *See id*. The district court therefore correctly held, "Despite the agency's continued failure to follow the law of the case, *Briscoe* precludes this court from entering an award of benefits." *Allord v. Astrue*, 2010

WL 1292157, at *13 (W.D. Wis. Mar. 26, 2010). Because Allord's brief does not extinguish the lingering doubt regarding his qualification for disability benefits, his obduracy contention does not show that the district court abused its discretion by declining to order an award of benefits.

Allord finally argues that any remand for further consideration would be futile. He suggests that the Social Security Administration is determined to deny his claim even if it must disregard evidence and this court's opinions to do so. He presents no legal authority supporting the idea that futility alone warrants an award of benefits, and such a line of reasoning would suffer from the same fatal flaw as an award based on obduracy alone. "It remains true that an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. This is so because a court does not have the authority to award disability benefits on grounds other than those provided under 42 U.S.C. § 423." *Briscoe*, 425 F.3d at 356-57 (citations omitted). Regardless, we do not believe the outcome on remand to be pre-determined. We doubt that the Commissioner will tolerate continued disregard of the findings and admonitions of this and other courts. Allord may also find the Commissioner willing to consider settling this protracted litigation, rather than dragging it into a fifteenth year or later.[3]

---

[3] We note that at least one other Court of Appeals has imposed a time limit on the Administration when remanding

(continued...)

Given Allord's current condition and what experts now know about PTSD—especially its potential for delayed onset followed by inexorable progression—it is both possible and reasonable to infer that Allord was disabled on his date last insured. But the record evidence is not such that a reasonable person could reach no conclusion other than finding Allord was disabled before December 31, 1992. It remains to be determined by the Administration—with, we expect, promptness and an attention to detail lacking in previous iterations—whether the available evidence indicates that an award of benefits is appropriate for Allord. For purposes of this appeal, however, reasonable persons could easily agree with the district court's judgment. Accordingly, we conclude that the district court did not abuse its discretion in remanding Allord's case to the Social Security Administration for further proceedings instead of remanding with instructions for the Commissioner to calculate and award benefits.

---

[3] (...continued)
a case. *Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005) (allowing 120 days for further ALJ proceedings and 60 days for the Commissioner to reach a final decision). It imposed those limits in July 2005 in an attempt to conclude litigation over a disability benefits application that had been filed in January 1998. While we decline to impose such a limitation here, we pause to point out that Allord filed his application in 1996 and that we're still dealing with it more than five years after *Butts*.

### III. CONCLUSION

Although we are loath to extend this litigation even further, the record before the district court did not necessitate a finding that Allord was disabled as of his date last insured. Accordingly, we AFFIRM the judgment of the district court.