NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 16, 2011[*]
Decided February 18, 2011

*Before*

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-2003

| | |
|---|---|
| WILLIE A. RUCKER, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 07-C-0999 |
| | |
| MICHAEL J. ASTRUE, | C. N. Clevert, Jr., |
| Commissioner of Social Security, | *Chief Judge.* |
| *Defendant-Appellee.* | |

**O R D E R**

Willie Rucker is bipolar, and in 1992 the Social Security Administration determined that the condition was disabling. Since then the agency has reevaluated Rucker and terminated his disability benefits after concluding that his bipolar disorder had improved and no longer kept him from working. Rucker challenged this redetermination in the district court, *see* 42 U.S.C. § 405(g), and the court remanded the matter to the agency for further proceedings. The court concluded that, among other errors, the agency had not

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

properly analyzed the continuing effect of Rucker's mental impairment, or evaluated how his ability to work is affected by physical impairments that have arisen since 1992. Rucker, though, is not satisfied. In this appeal from the district court's favorable decision, he principally argues that the court should have ordered the agency to reinstate his benefits, rather than engage in further proceedings.

When a claimant seeks social security disability benefits, weighing evidence and deciding facts are the purview of the Social Security Administration, not the federal courts. *See Castile v. Astrue*, 617 F.3d 923, 926 (7th Cir. 2010); *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009). Thus, when a district judge has concluded that the agency's denial of disability benefits is not supported by substantial evidence, the court must remand the matter to the agency—and cannot itself direct an award of benefits—unless all factual issues have been resolved and the only outcome possible is a determination of disability. *Allord v. Astrue*, __ F.3d __, 2011 WL 102599, at *3 (7th Cir. Jan. 13, 2011); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005); *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). We review a district court's refusal to direct an award of benefits for abuse of discretion, and we will uphold the court's decision unless no reasonable person could agree with it. *Allord,* 2011 WL 102599, at *3; *Nelson v. Apfel*, 210 F.3d 799, 802 (7th Cir. 2000). In this case the very premise of the district court's ruling is that the agency still has not resolved critical factual inquiries, including whether Rucker continues to suffer from bipolar disorder, so the court could not have abused its discretion in remanding to the agency.

Rucker also asserts that as the prevailing party he should receive attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). But Rucker's success has been achieved without help from counsel, and a pro se plaintiff who is not a lawyer cannot recover fees under § 2412. *See Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003). Nor would Rucker be entitled to fees even if he was statutorily eligible, since he did not apply to the district court within 30 days after the court entered judgment in his favor, *see* § 2412(d)(1)(B).

We have reviewed the remaining contentions in Rucker's appellate brief and conclude that none has merit.

AFFIRMED.