In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 16-2000

DOUGLAS A. BIRD,

*Plaintiff-Appellant,*

*v.*

NANCY A. BERRYHILL, Acting Commissioner of Social Security

*Defendant-Appellee.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:15-cv-01177-WTL-MPB — **William T. Lawrence**, *Judge.*

---

SUBMITTED FEBRUARY 2, 2017 — DECIDED FEBRUARY 10, 2017

---

Before WOOD, *Chief Judge*, and POSNER and KANNE, *Circuit Judges*.

POSNER, *Circuit Judge*. The Social Security Administration denied Douglas Bird's application for disability insurance benefits. After he sought judicial review, 42 U.S.C. § 405(g), the Commissioner agreed with him that the agency's ad-

verse decision should be set aside and moved that the matter be remanded for further proceedings before an administrative law judge. But that proposal did not satisfy Bird, who wanted the district court to bypass further proceedings before an ALJ and instead simply direct the agency to award him benefits. The district court refused, precipitating this appeal.

Bird claims that since 2006 he has been unable to engage in gainful work because of migraine headaches, posttraumatic stress syndrome, tendonitis, and lower-back pain. In 2005, while serving in the Army National Guard, he injured a tendon in his right shoulder and was operated on in 2006. He reported to Veterans Affairs doctors that he suffered hearing loss, migraines, and stiffness and pain in his hands, back and right shoulder, as well as anxiety, weakness in gripping objects, and ringing in his ears. The medical records include contradictory opinions from treating physicians—opinions clearing him to work and opinions pronouncing him unemployable. The Department of Veterans Affairs gave Bird a 70% service-connected disability rating but pays him at the 100% rate because they found him unemployable. But the administrative record does not indicate what medical evidence the VA relied on.

At a hearing before an ALJ, Bird discussed the VA's disability finding and testified that his back pain and migraines are severe and prevent him from working. His back pain, he said, had worsened after he injured himself cutting up fallen trees in his yard in 2012. And he added that about every other week a migraine does not respond to treatment, forcing him to lie down for 12 to 24 hours, and that his tinnitus and anxiety (related in part to his posttraumatic stress disorder)

would cause problems in a work environment. A vocational expert acknowledged that Bird is unemployable if severe migraines would cause him to be unavailable an average of three days each month. On the other hand, a nonexamining state-agency physician reviewed Bird's medical records and testified that his impairments are not disabling. The ALJ agreed with that assessment, reasoning that Bird was "not entirely credible" and assigning no weight at all to his VA disability rating. This ruling became the final decision of the Commissioner when the Appeals Council denied review. See *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

In the district court Bird argued that the ALJ had erred in discrediting his evidence and disregarding the VA's disability determination. The Commissioner asked for a remand to allow the agency to consider Bird's VA disability after expanding the administrative record to include the medical evidence that the VA had relied on. The court granted the Commissioner's motion and rejected Bird's request to order immediate benefits since, the court reasoned, the medical evidence was not so one-sided as to compel a conclusion that Bird is disabled. See *Allord v. Astrue*, 631 F.3d 411, 415–16 (7th Cir. 2011).

In his brief on appeal challenging the district court's decision to remand his case for further proceedings rather than ordering SSA to give him the benefits he is seeking, Bird focuses on alleged errors committed by the ALJ. But the Commissioner did not defend the ALJ's decision, which anyway has been vacated. Bird argues that the VA's conclusion that he is 70% disabled and therefore unemployable conclusively establishes that he is disabled. He also asserts that results from a back x-ray and MRI, which he appended to his

appellate brief but were not available to the ALJ, establish that he has spinal fractures and bulging discs that exclude him from gainful employment. See 20 C.F.R. pt. 404, subpt. P, Appendix 1, Listing 1.04 (disorders of the spine).

The VA's finding that Bird is 70% disabled and unemployable does not establish that he is entitled to SSA benefits. See *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006). The VA's disability percentage is based on the average impairment in earning capacity caused by service-connected disabilities, 38 C.F.R. §§ 4.10, 4.15, but the claimant can be rated less than 100% disabled and still be found unemployable and entitled to full disability compensation, if his disabilities render him "unable to secure or follow a substantially gainful occupation." 38 C.F.R. § 4.16. Such a finding when made is practically indistinguishable from the SSA's disability determination, which asks whether a medically determinable impairment prevents the claimant from engaging in past relevant work or any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505; *Hall v. Colvin*, 778 F.3d 688, 691 (7th Cir. 2015). But there are differences in how the agencies evaluate claims: the VA's evaluation is pro-claimant rather than neutral: "When after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant." 38 C.F.R. § 4.3; *Hodge v. West*, 155 F.3d 1356, 1362–63 (Fed. Cir. 1998). That is not SSA's approach.

In any event the grounds for the VA's decision finding Bird to be 70% disabled and unemployable were not available to the ALJ and neither were the results of Bird's x-ray and MRI. The record even includes evidence conflicting with

a finding of disability—one of Bird's treating physicians cleared him to work, and a state-agency consultant opined that he is not disabled.

We close by noting for future reference a recent change in SSA's regulation regarding decisions by other governmental agencies, such as the VA; see 20 C.F.R. § 404.1504. The current regulation provides that a disability determination by another agency does not bind the SSA. The new regulation adds that for claims filed on or after March 27, 2017, SSA will not try to analyze the other agency's decision, although it will consider the decision's supporting evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5848–49 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404 and 416).

Bird requests that the proceedings on remand be expedited; the Commissioner agrees with the request.

AFFIRMED