**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 21, 2018[*]
Decided February 21, 2018

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 17-1509

| | |
|---|---|
| JOHN E. ANDERSON, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-cv-3017 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, *Defendant-Appellee*. | Tom P. Schanzle-Haskins, *Magistrate Judge*. |

**O R D E R**

The Commissioner of the Social Security Administration concedes that the district court erred in upholding the denial of disability benefits to John Anderson. The parties disagree only over how to remedy the error. Anderson argues that he has proven that he is disabled, so we should remand the case to the agency to award benefits. The Commissioner responds that a reasonable dispute about Anderson's

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

capacity to work remains, so we should remand for fact findings. Agreeing with the Commissioner, we vacate the judgment of the district court and remand to the agency.

Anderson suffers from several physical impairments. These include arthritis, degenerative-disc disease of the cervical and lumbar spine, osteoarthritis, headaches, and obesity. Pointing to reports from his personal physician, Dr. Randy Western, Anderson contends that his doctor's restrictions on how much he can grip and lift require a conclusion that he is disabled.

Dr. Western diagnosed Anderson in 2013 with "severe thumb arthritis" that "[g]reatly diminished" his right hand's capabilities. The doctor recorded then that Anderson's restrictions included a "10 pounds work restriction with his right hand." The following year Dr. Western wrote that Anderson's range of motion and hand weakness eliminated his ability to grip at all with his right hand. The next year, in August 2015—two weeks after the administrative law judge denied Anderson benefits—Dr. Western opined that Anderson had mild difficulty using door knobs, picking up and holding cups and pens, and tying shoelaces. Dr. Western further noted that Anderson had severe difficulty buttoning and unbuttoning with his right hand. The doctor again restricted Anderson's lifting to 10 pounds for the "right hand." Dr. Western's reports were supported by the report of Dr. Vittal Chapa, a doctor who examined Anderson in March 2014 at the request of the state agency.

State-agency doctors also reviewed Anderson's records. They reported that Anderson could lift 20 pounds occasionally and 10 pounds frequently, stand or walk about six hours in a work day (with normal breaks), and sit for the same amount of time. They also noted that no restriction applied to Anderson's left arm. The ALJ ultimately used these reports in conjunction with Dr. Western's to find Anderson had a weight restriction on his right side only and could lift up to 20 pounds overall.

Anderson argues that the ALJ did not give Dr. Western's opinion about his lifting restriction its proper, controlling weight. *See* Social Security Ruling 96-2p (rescinded for claims filed after March 27, 2014). The Commissioner concedes that "a treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is well supported by medical findings and not inconsistent with other substantial evidence in the record." *Israel v. Colvin*, 840 F.3d 432, 437 (7th Cir. 2016) (internal quotation marks omitted). The dispute now concerns *what* Dr. Western said about Anderson's lifting restriction, not whether that opinion controls.

Anderson assumes that Dr. Western restricted Anderson to lifting no more than 10 pounds with either or both arms. If Anderson cannot lift more than 10 pounds, agency guidelines limit him to sedentary work, 20 C.F.R. § 404.1567(a). And if he is limited to sedentary work, Anderson believes that he is disabled because of his age and limited education. Anderson is 54 now, making him "closely approaching advanced age," *see* 20 C.F.R. § 404.1563, and has a high-school education. The agency is likely to consider disabled a similar individual who can do only sedentary work. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.12, 201.00.

But we do not agree with Anderson that Dr. Western's reports compel a finding that he is limited to sedentary work. Reasonable minds could interpret his doctor to bar him from lifting more than 10 pounds with either or both arms. Or the opinion may restrict his lifting on the right side only, allowing him to lift more weight with his left arm. If it is the latter, the agency may find that Anderson is capable of light work ("lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds"), *see* 20 C.F.R. § 404.1567(b). And if Anderson is limited to light work instead of sedentary work, agency guidelines say that a similarly situated individual would not be disabled. *See* 20 C.F.R. pt. 404, subpt. P, app. 2, Rule 202.13.

The uncertainty about the meaning of Dr. Western's opinion requires a remand. Only the ALJ can decide its meaning. *See Powers v. Apfel*, 207 F.3d 431, 434–35 (7th Cir. 2000). In arguing for his interpretation, Anderson relies on Dr. Western's August 2015 report, which the ALJ never reviewed. The agency needs to consider this new evidence and how it relates to the other evidence of Anderson's restrictions so that it may correctly determine his capacity to work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv); *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009) (citing Social Security Ruling 96–8p); *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004). And once the agency has arrived at a revised assessment of Anderson's restrictions, it will also need to determine whether the national economy holds a significant number of jobs for someone with his impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 416.920(a)(4)(v), (g)(1); *Villano*, 556 F.3d at 563. All of these facts remain unresolved.

A benefits award is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011). This record does not compel that conclusion.

We thus VACATE the judgment denying the award of benefits and REMAND the case to the agency for further proceedings.