In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-3212

BRENDA MITZE,

*Plaintiff-Appellant*,

*v.*

ANDREW M. SAUL, Commissioner of Social Security,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 1:13-c-444 — **William C. Griesbach**, *Judge*.

SUBMITTED JUNE 22, 2020[*] — DECIDED JULY 31, 2020

Before RIPPLE, HAMILTON, and SCUDDER, *Circuit Judges*.

PER CURIAM. Years after Brenda Mitze unsuccessfully appealed the denial of her application for social security benefits, she moved to seal court decisions and other records,

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

claiming that their publication violated her right to keep her medical information private. The district court denied the motion and we affirm.

**I**

We omit the details that led Mitze to apply for disability benefits in 2009, as they are unnecessary to the disposition of this appeal. The Commissioner found she was not disabled and denied her application. Suffice it to say she was unable to establish that a medically determinable impairment precluded her from engaging in past relevant work or other gainful employment. See 20 C.F.R. § 404.1505; see also *Bird v. Berryhill*, 847 F.3d 911, 913 (7th Cir. 2017). On review the district court upheld the Commissioner's decision. We did too. See *Mitze v. Colvin*, 782 F.3d 879 (7th Cir. 2015).

Several years later, Mitze filed a motion to seal her "medical information . . . and all other information pertaining to [her] case." She complained of "harassing phone calls from solicitors" who knew her personal medical information because the courts had "publicized" it by issuing opinions announcing the affirmance of the ALJ's decision.

The district court denied Mitze's motion. It first noted that remote electronic access to filings containing Mitze's medical records already was limited to the parties and their attorneys. See FED. R. CIV. P. 5.2(c). (Full access, however, is available to the public at the courthouse. See *id.*) To the extent that Mitze wished to seal the district and appellate court opinions—both of which recounted her medical facts in detail—the district court determined she offered no reason to overturn the "long-standing tradition" of granting public access to the courts' decisions. Finally, the district court concluded that it

had no authority to require news outlets to remove articles about those decisions from the internet.

On appeal, Mitze renews her concerns that medical salespeople have targeted her because of the publication of the details of her case. She adds not only that she and her children have experienced social stigma, but also that thieves broke into her home to steal pain medication, which publicly available documents revealed that she had been prescribed. Mitze attached to her brief the opinions of this court and the district court, as well as online news articles reporting on those decisions, and we understand her objections to pertain to the information in those documents.

## II

### A

The district court did not abuse its discretion in denying the motion to seal its own order affirming the ALJ's decision. See *County Materials Corp. v. Allan Block Corp.*, 502 F.3d 730, 739 (7th Cir. 2007). As the district court explained, a strong presumption exists in favor of publishing dispositional orders. See *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348–49 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691–92 (7th Cir. 2016). Even in cases involving substantial countervailing privacy interests such as state secrets, trade secrets, and attorney-client privilege, courts have opted for redacting instead of sealing the order or opinion. See *Hicklin*, 439 F.3d at 349 ("We hope never to encounter another sealed opinion."); *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995) (Easterbrook, J., in chambers) (noting that even in cases involving issues of national security, a "sealed opinion and order" is barely imaginable).

Further, to the extent that Mitze asked the district court to seal *our* opinion, she misdirected her motion, for only we can consider such a request. "[E]very document filed . . . by this court . . . is in the public record unless a judge *of this court* orders it to be sealed." UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT OPERATING PROCEDURE 10(a) (Dec. 1, 2015) (emphasis added). We do not recommend that Mitze refile her motion at this stage, however, as the same reasoning for denying her request to seal the district court's decision would apply equally to our opinion.

B

Balancing the public's right to transparent court proceedings and a litigant's personal privacy interests is difficult, particularly when it comes to those seeking benefits based on health concerns. We sympathize with a claimant who feels as though her medical information should not be publicized simply because she chooses to avail herself of her right to judicial review. It might be that the existing remedies of proceeding anonymously, requesting redactions, or sealing records fall short of what is needed in the social security context.

To be sure, the public has "a right to know who is using [its] courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Under the current standard, a plaintiff wishing to proceed anonymously must rebut the presumption that parties' identities are public information by showing that her need for anonymity outweighs the harm of concealment. See *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). But we question whether a uniform practice of social security opinions bearing only claimants' initials would negatively impact the government or public interest in any meaningful way.

We leave that balancing for another day. All we need to say in the case before us is that it is too late for Mitze. Given everything that has transpired over the years, we cannot revisit the application of these standard practices regarding the publication of judicial decisions and orders in social security matters.

Mitze's circumstances fall outside the "very few categories" for which we have recognized that confidentiality is appropriate. *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) (Easterbrook, J., in chambers); see also *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[E]mbarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). When unsuccessful applicants for disability benefits seek judicial review, they can expect (at least under today's practices) that the medical basis of the claim will become public. In such cases, federal courts have a responsibility to review the decision of an administrative law judge to determine whether there is substantial evidence—primarily medical evidence—in the administrative record to support the decision. See *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). We do so in reasoned decisions issued to the parties and made available to the public.

The Federal Rules of Civil Procedure draw a line at protecting medical records themselves, and redaction of personal identifying information such as social security numbers is required. See FED. R. CIV. P. 5.2(a), (c); see also 20 C.F.R. § 401.115 (describing Social Security Administration guidelines for disclosing private information). But mere discussion of the factual basis for a disability claim is not grounds for preventing the publication of judicial decisions.

**III**

Mitze's two remaining arguments also fail. News outlets have the right to publish information obtained from public court records, so we cannot order an outlet to remove from its website articles reporting on the decisions in her case. See *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 609 (1978). And to the extent Mitze argues that the courts or the press making the details of her case public violates the Health Insurance Portability and Accountability Act, tit. II, § 262(a), 42 U.S.C. § 1320d-6 (1996), she has not explained how. The Act regulates the disclosure of information by only health-care providers and their affiliates. See *United States v. Bek*, 493 F.3d 790, 802 (7th Cir. 2007); 45 C.F.R. § 160.103 (excluding "government agency . . . collecting protected health information" to determine eligibility for public benefits).

For these reasons, we AFFIRM.