NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2022[*]
Decided April 5, 2022

**Before**

WILLIAM J. BAUER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1940

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court |
| *Plaintiff-Appellee*, | for the Southern District of Illinois. |
| | |
| *v.* | No. 08-cr-30020-SMY-2 |
| | |
| EVERLY K. HATFIELD, | Staci M. Yandle, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Everly Hatfield is a federal prisoner serving a 30-year sentence for conspiring to burglarize pharmacies and distribute controlled substances. 18 U.S.C. § 2118 (b), (d); 21 U.S.C. §§ 841(a)(1), (b)(1)(C); 846. The district court imposed this sentence after the government dismissed counts charging Hatfield with selling drugs that caused death or

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

serious injury. (Convictions on those counts were based on faulty jury instructions. *See United States v. Hatfield*, 423 F. App'x 648 (7th Cir. 2011); *United States. v. Hatfield*, 591 F.3d 945 (7th Cir. 2010).) He now appeals the denial of his request for compassionate release. *See* 18 U.S.C. § 3582(c). In denying relief, the district court reasonably relied on the seriousness of his crimes and the length of his remaining sentence; thus, we affirm.

In 2020, Hatfield filed a sealed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), on grounds that his medical conditions and the COVID-19 pandemic jeopardized his life in prison; the district court denied the motion in a sealed order. The court accepted that his health conditions created extraordinary and compelling reasons for release. But after considering the factors under 18 U.S.C. § 3553(a), it concluded that Hatfield should not be released. The court explained that he had served only a third of his 30-year sentence for his leading role in a drug conspiracy that caused deaths and other serious harms. (We had previously ruled that, despite flawed jury instructions, the evidence that Hatfield caused deaths was nonetheless "strong enough to justify" a conviction. *Hatfield*, 591 F.3d at 951.) Thus, the court concluded, specific deterrence, just punishment, and protecting the public favored continued imprisonment.

The government first challenges the timeliness of Hatfield's appeal, observing that the district court received his notice of appeal 23 days after it entered its ruling on April 26—9 days after the 14-day deadline. FED. R. APP. P. 4(b)(1)(A)(i). Hatfield invokes the prison mailbox rule to argue that his appeal is timely, urging us to refer to his mailing's postmark, May 10 (11 days after the ruling), rather than the date of receipt.

Under the prison mailbox rule, a notice of appeal is timely if placed in the prison's internal mail system on or before the deadline for appeal and accompanied by a declaration of the deposit or evidence "such as a postmark" of the deposit. *See* FED. R. APP. P. 4(c)(1)(A). Hatfield declares under penalty of perjury that his facility, Federal Correctional Institution-Beckley in West Virginia, was on lockdown on May 9, and he gave the notice of appeal, in an envelope labeled "Legal Mail," to a guard, who mailed it. The envelope bears a postmark of May 10. Thus, the appeal appears timely.

The government counters that the prison mailbox rule does not apply. It argues that when a prison "has a system designed for legal mail," the inmate "must use that system to receive the benefit" of the mailbox rule. *See* FED. R. APP. P. 4(c)(1). But, it continues, Hatfield gave the letter to a guard rather than to a mailroom employee or case manager, as required under Beckley's policies; he therefore failed to use prison's

designated legal mail system. We disagree. It is true that on May 9 Hatfield did not use the prison's legal mail system. But that was because the prison was on lockdown, and Beckley's rules do not specify "a system" for legal mail during a lockdown. Under the circumstances, he thus permissibly gave the notice of appeal, posted and marked "Legal Mail," to a guard, "the only public official[] to whom he ha[d] access" at the time. *Houston v. Lack*, 487 U.S. 266, 271–72 (1988). (The government admits that the guard who accepted Hatfield's mail confirmed—albeit in an unsigned and unsworn statement—that the prison was on lockdown on May 9.) The prison could not reasonably require anything else. *See Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015) (documents must be mailed in accordance with "*reasonable* prison policies") (emphasis added).

Having established our jurisdiction, we turn to Hatfield's other contentions. He first argues that the district court's decision to seal its order prevented him from adequately preparing his brief. Filings under seal limit only public access. *See* FED. R. CIV. P. 5.2(c)–(d); *Mitze v. Saul*, 968 F.3d 689, 691 (7th Cir. 2020). Nothing in the record suggests that the district court prevented Hatfield from consulting the order: it was mailed to him the same day it issued, and he tells us that he viewed it on May 4. To the extent Hatfield contends that a prison official limited his access to the order, that contention against the prison belongs in an administrative grievance, not this suit. *United States v. Hernandez*, 952 F.3d 856, 861 (7th Cir. 2020).

Hatfield next maintains that the district court wrongly denied his request for compassionate release. He has preserved (and thus we consider) three contentions. He argues that the court erred by mentioning victims associated with the dismissed counts; failing to evaluate his proposed release plan before weighing the 18 U.S.C. § 3553(a) factors; and failing to recruit him counsel to assist him with his motion.

The district court reasonably denied Hatfield's motion, which we review for abuse of discretion. *See United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). After accepting that Hatfield's medical conditions were extraordinary and compelling, the court reasonably weighed the § 3553(a) factors. *Id.* "One good reason" is enough to deny a compassionate-release motion, *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021), and the court gave several: Hatfield led an interstate drug-distribution and burglary conspiracy; he had served only 10 years of a 30-year sentence; and evidence showed that the conspiracy caused deaths. True, the government dismissed the counts that charged Hatfield with causing deaths. But the court could rely on our observation that "strong" evidence showed that Hatfield's crimes caused deaths, *Hatfield*, 591 F.3d at 951, when it observed that Hatfield "negatively affected the lives of dozens of vulnerable

people in multiple states." And it concluded that the factors of deterrence, just punishment, and protecting the community justified his continued incarceration and obviated his release plan. *See* 18 U.S.C. § 3553(a)(1), (2)(A)–(C). Finally, Hatfield was not entitled to recruited counsel to assist with his motion. *See United States v. Blake*, 986 F.3d 756, 758 (7th Cir. 2021).

AFFIRMED